All concur except Danforth and Finch, JJ., dissenting; Ruger, Ch. J., not voting.

Judgment reversed.

Conrad Loos et al., Respondents, *v.* John Wilkinson et al., Appellants.

While an assignment for the benefit of creditors remains in force, the right to assail previous conveyances executed by the assignor, on the ground that they are fraudulent as against creditors, rests not in the creditors themselves but in the assignee.   (Chap. 314, Laws of 1858.)

It is only, however, by virtue of a valid assignment that the assignor acquires that right.

The provision of the Revised Statutes (2 R S. 137, § 1), declaring . void every conveyance or assignment made to hinder, delay and defraud creditors is still in force, notwithstanding the various acts relating to voluntary assignments for the benefit of creditors, and if an assignment be made with such a fraudulent intent, it may be set aside at the suit of judgment-creditors.

In assailing the assignment it is only necessary to establish the fraudulent intent of the assignor; and if this be shown the assignment is void, and the assignee, however innocent he may be of the fraud, will not be permitted to act under it, and the creditors may then pursue their remedies as if the assignment had not been made.

Prior fraudulent transfers by the assignor do not necessarily avoid the assignment, but they may be considered in determining whether there was any fraud in the assignment itself.

In an action by judgment-creditors to set aside, as fraudulent, an assignment for the benefit of creditors and a prior deed and mortgage executed by the debtors to their brother, it appeared that the deed was not recorded ; that all the property granted remained in the possession of the grantees, who collected and used the rents therefrom as they had before, until the execution of the assignment; that the property continued to be assessed to them, and they insured it in their own names without any notice to the tenants, assessors or underwriters of the change of title.   Plaintiffs were permitted to prove, under objection and exception, declarations of the grantors, who were brokers, made to their depositors, intermediate the

execution of the deed and the assignment, to the effect that they owned the property. *Held*, no error ; also, that the declarations were not only competent against the persons making them, but generally against all the defendants.

It was claimed by the defendants that the consideration for the deed was a balance due on a bond then held by the grantee executed by the grantors. The question as to whether the bond was ever a subsisting obligation and whether there was anything due thereon was litigated on the trial. It appeared that the grantors kept books of account as bankers, in which their financial transactions were entered. Upon the trial plaintiffs were permitted to show, under objection and exception, that those books contained no entry of indebtedness of the grantors to the grantee upon the bond or any other indebtedness. *Held*, no error.

It was claimed on the part of the plaintiffs, as one of the badges of fraud, that a large amount of furniture in the houses of the assignors and belonging to them was withheld from the assignee and from the inventory. The defendants claimed that the furniture belonged to the wives of the assignors. Plaintiffs were permitted to prove declarations of one of the assignors to the effect that a certain piece of furniture in his house was purchased by him in England. It was not disputed but that he did purchase the furniture, and he testified that he did so, but with his wife's money *Held*, that if the evidence was incompetent it was not harmful; and so, no ground for reversal.

The trial court *held* that the creditors were entitled to the rents and profits of the real estate accruing after the grantee took possession, and directed the grantee to account therefor *Held*, no error; that the deed having been set aside as fraudulent and void, the grantee had no title as against plaintiffs to the rents received by him

*Robinson* v. *Stewart* (10 N. Y 189); *Collumb* v. *Read* (24 id. 505); *Wright* v. *Nostrand* (94 id 31); *S. C* (98 id. 669) distinguished.

(Argued June 4, 1888, decided October 2, 1888.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made July 1, 1887, which affirmed a judgment in favor of plaintiffs, entered upon a decision of the court on trial at Special Term.

The plaintiffs, judgment-creditors, with executions returned unsatisfied, of J. Foreman Wilkinson and Alfred Wilkinson, brokers in Syracuse, doing business under the firm name of Wilkinson & Co., commenced this action to set aside, as made with intent to hinder, delay and defraud their creditors, a deed

of certain real estate, dated May 5, 1884, executed by J. Foreman and Alfred Wilkinson to their brother John Wilkinson; a mortgage upon the same real estate, dated November 24, 1884, executed by John to Charles P. Crosby, and a general assignment, with preferences, for the benefit of their creditors made by J. Foreman and Alfred to Charles E. Hubbell, dated December 9, 1884, all recorded in the clerk's office of Onondaga county on the latter day.

The trial court found the deed, mortgage and assignment fraudulent, and gave judgment ordering them to be set aside and for other relief.

The facts material to the questions discussed are stated in the opinion.

*Louis Marshall* for appellants. The burden of proof is upon the plaintiffs. It is incumbent upon them to establish, by a preponderance of evidence, that the defendants have been guilty of the frauds charged in the complaint. Fraud will not be presumed. (Bump on Fraudulent Conveyance [3d ed.] 60; *Shultz* v. *Hoagland*, 85 N. Y. 464; *Starin* v. *Kelly*, 88 id. 418.) Unless the plaintiffs establish that the general assignment from Wilkinson & Co. to the defendant Hubbell was fraudulent and void, they cannot maintain this action to set aside the transfer of real estate, since a valid assignment is an insuperable obstacle to their right to inter· fere with transfers of real estate preceding the execution of the assignment. (*Spring* v. *Short*, 90 N. Y. 538; *Geery* v. *Geery*, 63 id. 252; *Southard* v. *Benner*, 72 id. 424; *Crouse* v. *Frothingham*, 97 id. 113; *Childs* v. *Kendall*, 30 Hun, 217; *Leonard* v. *Clinton*, 26 id. 288; *Swift* v. *Hart*, 35 id. 128; *Lichtenberg* v. *Herdtfelder*, 103 N. Y. 302.) The general assignment from Wilkinson & Co. to the defendant Hubbell is not void upon its face. (*Coyne* v. *Weaver*, 84 N. Y. 390.) Assuming that the conveyance to John Wilkinson and his mortgage to Crosby were fraudulent as to creditors of Wilkinson & Co., and that there was a withholding of assets by the assignors and a fraudulent insertion of alleged creditors

in their schedules, the assignment being valid on its face, all the preferences being for existing liabilities, and the assignee being no party to any fraud, these frauds being on the assignment, and not in it, can only be attacked by the assignee and not by a judgment-creditor. (*Emigrant Industrial Savings Bk.* v. *Roche*, 93 N. Y. 374; *Platt* v. *Lott*, 17 id. 478; *Turner* v. *Jaycox*, 40 id. 473; *Holmes* v. *Hubbard*, 60 id. 185; *Moore* v. *McKinstry*, 37 Hun, 194; *Southard* v. *Benner*, 72 N. Y. 424; *Ball* v. *Slaften*, 98 id. 622; *Swift* v. *Hart*, 35 Hun, 128; *Juliand* v. *Rathbone*, 39 N. Y. 369; *Hardmann* v. *Brown*, 39 id. 196; *Produce Bank* v. *Morton*, 67 id. 199, 203; *Pratt* v. *Stevens*, 94 id. 387; *Nicoll* v. *Spowers*, 105 id. 1; *In re Cohen*, 78 id. 248; *Judson* v. *Abeel*, 5 N. Y. Weekly Dig. 221; *In re Wilkinson*, 36 Hun, 164; *In re Holbrook*, 99 N. Y. 539; *Kavanaugh* v. *Beckwith*, 47 Barb. 192; *Shultz* v. *Hoagland*, 85 N. Y. 468; Bump on Fraudulent Conveyances [2d ed.] 353; *Wilson* v. *Forsyth*, 24 Barb. 105; *Talmage* v. *Talmage*, 16 Ohio St. 434.) There has been no such omission from schedules and inventory filed under the assignment of any property belonging to the assigned estate as will avoid the assignment. (*Shultz* v. *Hoagland*, 85 N. Y. 464; *Carr* v. *Breese*, 81 id. 584.) Even though it should be conceded that the transfer of real estate, made by the assignors to John Wilkinson, in May, 1884, was fraudulent, still that fact or the fact that subsequent to the execution of the assignment the assignors were guilty of some acts which indicated a fraudulent intent on their part, cannot be considered as invalidating the assignment, since they were independent acts, entirely disconnected with the assignment. (*Hardmann* v. *Bowen*, 39 N. Y. 200; *Shultz* v. *Hoagland*, 85 id. 464; *Livermore* v. *Northrup*, 44 id. 107; *Wilson* v. *Forsyth*, 24 Barb. 105.) Assuming that the deed to John Wilkinson from the assignors was executed in fraud of their creditors, it was, nevertheless, error for the court to find that the insertion of the indebtedness to John Wilkinson for $9,710.37, for the rents and profits of the Globe Hotel property accruing between the date of the execution and the recording of the deed, was

fraudulent, and refusing to hold that such claim was properly inserted in the schedules under the assignment as a debt owing John Wilkinson. (*Johnson* v. *Garnsey*, 16 Johns. 189; *Stewart* v. *Platt*, 101 U. S. 132; *Graham* v. *R. R. Co.*, 102 id. 148; *Haack's Appeal*, 100 Penn. St. 62; *Dyer* v. *Hosmer*, 22 Pick. 253; *Peterson* v. *Brown*, 17 Nev. 173; *Chapin* v. *Pease*, 10 Conn. 73; *Ames* v. *Blunt*, 5 Paige, 13; *Mills* v. *Argall*, 6 id. 577; *Smith* v. *Howard*, 22 How. Pr. 121; *Freeland* v. *Freeland*, 102 Mass. 477; *Montefiore* v. *Montefiore*, 1 W. Blackstone, 364; *Sweet* v. *Tinslar*, 52 Barb. 271; *St. John* v. *Benedict*, 6 Johns. Ch. 111; *Starke* v. *Littlepage*, 4 Rand. [Va.] 372; *Murphy* v. *Hubert*, 16 Penn. St. 57; *Broughton* v. *Broughton*, 4 Rich. Law [S. C.] 497; *Cushwa* v. *Cushwa*, 5 Md. 52.) The fact that the assignors continued to keep open their bank and received deposits until December 8, 1884, and that they sold drafts on their correspondents during that time did not operate as a fraud that would invalidate the assignment. (*Kennedy* v. *Thorp*, 51 N. Y. 174; *Morris* v. *Talcott*, 96 id. 100, 107; *Wright* v. *Brown*, 67 id. 9; *People's Bank* v. *Bogart*, 81 id. 108.) The fact that the assignment was made to the defendant Hubbell, with the expectation and intention, on the part of the assignors, without any knowledge on his part of such fact, that he would not contest the conveyance by them to the defendant, John Wilkinson, did not operate to invalidate the assignment, especially in view of the finding of the absolute good faith of the assignee, and of his failure to participate in any fraudulent intention of the assignors. (*Starin* v. *Kelly*, 88 N. Y. 418; *Riley* v. *New York*, 96 id. 331; *Babcock* v. *Eckler*, 24 id. 132; Wait on Fraud. Con. § 196; Bump on Fraud. Con. 19; 29 Penn. St. 387; 69 id. 21; 61 Me. 145; *Kellogg* v. *Slauson*, 11 N. Y. 302; *Ward* v. *Tingley*, 4 Sandf. Ch. 408; *Marberry* v. *Brooks*, 7 Wheat. 556.) While a fraudulent intent is to be inferred from actions necessarily culminating in a fraud upon the rights of the creditors, the inference should not be drawn, unless the result is clearly deducible. (*Brown* v. *Halstead*, 17 Abb. N. C. 197.) The

evidence fails to show any fraudulent intent on the part of Wilkinson & Co., in making the conveyance to John Wilkinson, unless the court should come to the conclusion that at the time when the conveyance was made Wilkinson & Co. were insolvent, and knew themselves so to be, and voluntarily and without consideration transferred their real estate to John Wilkinson. (*Dygert* v. *Remerschneider*, 32 N. Y. 629; *Genesee River Nat. Bk.* v. *Mead*, 92 id. 637; *Carr* v. *Breese*, 81 id. 584; *Phœnix Bk.* v. *Stafford*, 89 id. 405; *Murphy* v. *Briggs*, id. 446; *Pond* v. *Comstock*, 20 Hun, 492; affirmed, 87 N. Y. 627; *Hale* v. *Stewart*, 7 Hun, 591; *Livermore* v. *Northrup*, 44 N. Y. 107; *Spencer* v. *Ayrault*, 10 id. 202; *Jewett* v. *Noteware*, 30 Hun, 192; *Howland Will Case*, 4 Am. L. Rev. 625; *People* v. *Spooner*, 1 Denio, 346; *Taylor Will Case*, 10 Abb. [N. S.] 300; 1 Greenl. on Ev. § 37; *Bleecker* v. *Johnston*, 69 N. Y. 309, 312.) The transfer from Alfred and J. Foreman Wilkinson to John Wilkinson, of their real estate, on May 5, 1884, was not fraudulent because the value of the property transferred may have been somewhat greater than the amount of the indebtedness which they owed their brothers. (Bump on Fraud. Con. 45, 554; *Molloy* v. *Sawyer*, 38 Me. 73; *Day* v. *Cole*, 44 Iowa, 452; *Jaeger* v. *Kelley*, 52 N. Y. 274; *Syracuse Chilled Plow Co.* v. *Wing*, 85 id. 427; *Van Wyck* v. *Baker*, 16 Hun, 171; *Boyd* v. *Dunlop*, 1 Johns. Ch. 478; *Bigelow* v. *Ayrault*, 46 Barb. 143; *Paylon* v. *Bange*, 1 Hun, 319; *Moore* v. *Clements*, 6 Wall. 312; *McArthur* v. *Hoysradt*, 11 Paige, 495.) Whatever may have been the intention of the grantors of John Wilkinson in conveying to him the property in question, unless John Wilkinson also intended to hinder, delay and defraud the creditors of Wilkinson & Co., and participated in any fraud of which his brothers may have been guilty, the transfers must, nevertheless, stand, and no court can interfere with the conveyance. (*Dudley* v. *Danforth*, 61 N. Y. 636; *Parker* v. *Connor*, 93 id. 118; *Murphy* v. *Briggs*, 89 id. 446; *Zoeller* v. *Riley*, 100 id. 102; *Van Wyck* v. *Baker*, 16 Hun, 168; *Waterbury* v. *Sturtevant*, 18 Wend. 353; *Carpenter* v.

*Murren*, 42 Barb. 300; *Stearns* v. *Gage*, 79 N. Y. 102; *Farley* v. *Carpenter*, 27 Hun, 359; *Auburn Ex. Bk.* v. *Fitch*, 48 Barb. 344; *Loeschigk* v. *Bridge*, 42 N. Y. 421; *Loeschigk* v. *Addison*, 4 Abb. Pr. [N. S.] 210; *Ruhl* v. *Phillips*, 48 N. Y. 425.) No inference of fraud on the part of John Wilkinson can properly be drawn from the fact that the deed of the property conveyed to him was not recorded, or the fact of such conveyance published, the evidence failing to show that there was any knowledge on the part of John Wilkinson of any circumstances which called upon him to put the deed upon record, no evidence that the failure to record was intentional or that John Wilkinson in any way held out to the public that his brothers were the owners of the real estate in question. (*Trenton Banking Co.* v. *Duncan*, 86 N. Y. 221; *Tomlinson* v. *Mathews*, 98 Ill. 178; *Hill* v. *Bowman*, 35 Mich. 191; *Paige* v. *Kendrick*, 10 id. 300; *Stewart* v. *Hopkins*, 30 Ohio St. 528; *Sawyer* v. *Turpin*, 1 Otto, 114; *Folsom* v. *Clemence*, 111 Mass. 273; *Brockaway* v. *Fleming*, 22 N. Y. Week. Dig. 430; *Coats* v. *Garlech*, 44 Penn. St. 43; *Hilliard* v. *Cagle*, 46 Miss. 337; *Pendleton* v. *Hughes*, 65 Barb. 136; *Every* v. *Edgerton*, 7 Wend. 259; *Clute* v. *Newkirk*, 46 N. Y. 684; *Crowder* v. *Hopkins*, 10 Paige, 183; *Peck* v. *Crouse*, 46 Barb. 151; *Cuyler* v. *McCartney*, 40 N. Y. 221; *Van Gelder* v. *Van Gelder*, 81 id. 625; *Coyne* v. *Weaver*, 84 id. 386; *Walker* v. *Henry*, 85 id. 130; *Foote* v. *Beecher*, 78 id. 155.) Assuming that the conveyance to John Wilkinson was fraudulent as against creditors, it was error for the court to hold that they were entitled to the rents and profits accruing from December 9, 1884, to the time of judgment, and to direct him to account therefor and to pay the same to the receivers appointed in the final decree. (*Wright* v. *Nostrand*, 94 N. Y. 31; 98 id. 669; *Chautauqua County Bk.* v. *Risley*, 19 id. 369; Code of Civil Procedure, §§ 1440, 1441; *Schermerhorn* v. *Merrill*, 1 Barb. 511; *Robinson* v. *Stewart*, 10 N. Y. 189; *Collumb* v. *Read*, 24 id. 505; *Hollenbeck* v. *Donnell*, 94 id. 342;

*Hamilton* v. *Austin*, 36 Hun, 143 ; *Clift* v. *Moses*, 44 id.
312.) The court erred in permitting testimony to be given
of declarations made by Alfred and J. Foreman Wilkinson
subsequent to the delivery of their deed to John Wilkinson
and prior to the execution of the assignment to the defendant
Hubbell. (*Paige* v. *Cagwin*, 7 Hill. 361 ; *Brown* v. *Mailler*,
12 N. Y. 118 ; *Graves* v. *King*, 15 Hun, 367 ; *Horn* v. *Pull-
man*, 72 N. Y. 269 ; *Woodruff* v. *Cook*, 25 Barb. 505 ; *Van
Gelder* v. *Van Gelder*, 81 N. Y. 625 ; *Foote* v. *Beecher*, 78
id. 157 ; *Tabor* v. *Van Tassell*, 86 id. 642 ; *Clews* v. *Kehr*,
90 id. 633 ; *Walker* v. *Henry*, 85 id. 130 ; *Cuyler* v. *McCartney*,
40 id. 221 ; *Bullis* v. *Montgomery*, 50 id. 352 ; *Vidvard* v.
*Powers*, 34 Hun, 221 ; *Van Sachs* v. *Kretz*, 72 N. Y. 548 ;
*Truax* v. *Slater*, 86 id. 630 ; *Flagler* v. *Wheeler*, 40 Hun,
125.) Proof of the failure of Wilkinson & Co. to make
the entries which the plaintiffs claim should have been
made in case of a conveyance of the real estate to John Wil-
kinson, and evidence of what appeared upon the books of
the ·firm with which he had no possible connection, was
incompetent. (*Carroll* v. *Deimel*, 95 N. Y. 252.) The evi-
dence of John E. Bacon and other tenants occupying the
Globe Hotel property, and of Jacob Schwartz, as to the assess-
ment of it and of the residences of the assignors, should have
been excluded. (*Trenton Banking Co.* v. *Duncan*, ·86 N. Y.
221.) The evidence of Andrews, Partridge and the remaining
plaintiffs, to the effect that they deposited with Wilkinson &
Co., believing them to be the owners of the Globe Hotel
property and of their residences, was also erroneously admitted.
(*Trenton Banking Co.* v. *Duncan*, 86 N. Y. 221.) The court
also erred in excluding the question which inquired into the
ownership of the personal property in the house of J. Foreman
Wilkinson. (*De Wolf* v. *Williams*, 69 N. Y. 651 ; *Knapp*
v. *Smith*, 27 id. 281 ; *Hardenburg* v. *Crary*, 50 Barb. 32.)

*Frank H. Hiscock* for respondents. Several judgment-
creditors may properly join in one action attacking the three
conveyances. (1 Ed. Ch. 450 ; 9 Paige, 595 ; *White's Bank*

*of Buffalo* v. *Farthing*, 23 N. Y. Week. Dig. 176; *Morton* v. *Weil*, 33 Barb. 30; *Reed* v. *Striker* [Ct. of App.] 12 Abb Pr. 47.; *Oakley* v. *Tugwell*, 33 Hun, 357; *Newbold* v. *Warrin*, 14 Abb. Pr. 80; *Fellows* v. *Fellows*, 4 Cow. 682; *Brinkerhoff* v. *Brown*, 6 Johns. Ch. 139; *Boyd* v. *Hoyt*, 5 Paige, 65; *Hammond* v. *H. R. Iron, etc., Co.*, 20 Barb. 378; *Denton* v. *Morrell*, 26 N. Y. Week Dig. 379; *Chandler* v. *Powers*, 9 id. 169, 179; *Shultz* v. *Hoagland*, 85 N. Y. 464, 468; *Hoyt* v. *Godfrey*, 88 id. 669; *Talcott* v. *Hess*, 31 Hun, 282; *Rose* v. *Meldram*, 11 N. Y. Week. Dig. 354; *White* v. *Fagen*, 18 id. 358; *Crouse* v. *Hessler*, 17 id. 519; *Cook* v. *Rindskopf*, 21 id. 30; *Sloan* v. *Gauhn*, 21 id. 553; *Terry* v. *Butler*, 43 Barb. 395; *Waverly Bank* v. *Halsey*, 57 id. 249; *In re Wilkinson*, 21 N. Y. Week. Dig. 265, 266; *In re Kapelovich*, 22 id. 13; *In re Holbrook*, 99 N. Y. 539, 546; *In re Koonze*, 11 N. Y. Week. Dig. 55; *In re Burtnett*, 8 Daly, 115; *In re Landaur*, 22 N. Y. Week. Dig. 73.) The deed to John Wilkinson was and is fraudulent and void, having been made May 5, 1884, by the grantors when they were financially embarrassed and attempted to convey a large amount of valuable property without consideration for the purpose of withdrawing the same from and cheating their creditors. (Bump on Fraudulent Convey. [3d ed.] 283, 284; *Freeman* v. *Burnham*, 36 Conn. 469; *Coates* v. *Gerlach*, 44 Penn. 43; *Ammon's Appeal*, 63 id. 284; *Eddy* v. *Baldwin*, 32 Mo. 369; *Sands* v. *Hildreth*, 14 Johns. Rep. 493, 499, [marg. pp.]; *Flannagan* v. *Donaldson*, 85 Ind. 517, 521; *Crossly* v. *Elworthy*, 12 L. R. [Eq. Cas.] 158; *Trust Co.* v. *Sedgewick*, 97 U. S. Rep. 304, 307; *Pendleton* v. *Hughes*, 65 Barb. 136; *Swartz* v. *Hazlett*, 8 Cal. 118, 128; *Potter* v. *McDowell*, 31 Mo. 62; *Patterson* v. *McKinney*, 97 Ill. 41; *Parish* v. *Murphree*, 13 How. [U. S.] 92; *Patten* v. *Casey*, 57 Mo. 118; *Young* v. *White*, 25 Miss. 146; 13 How. 92; *Paulk* v. *Cooke*, 39 Conn. 566; *Kehr* v. *Smith*, 20 Wall. 31, 35; *Beecher* v. *Clark*, 12 Blatchf. 256; *Church* v. *Chapin*, 35 Vt. 233; *Van Wyck* v. *Seward*, 18 Wend. 375, 398; *Mohawk Bank* v. *Atwater*, 2 Paige, 54,

59; *Warner* v. *Dove*, 33 Md. 579; *Carpenter* v. *Roe*, 10 N. Y. 227.) Assuming the said consideration did exist, the value of the property was so greatly in excess of the alleged consideration, that this fact of itself, in connection with other facts proved in the case, such as the continued occupation and enjoyment of the premises by the grantors, etc., is sufficient to authorize the finding that the deed was fraudulent. (60 Barb. 288; 1 Paige, 305; *Sands* v. *Hills*, 14 Johns. 492.) Said conveyance, under the circumstances, must be regarded as made with intent to hinder and defraud the plaintiffs, who have been prevented from collecting their claims against the grantors, and must fall as void and fraudulent. It is fraudulent as well as to subsequent as existing creditors. (*Dewey* v. *Moyer*, 72. N. Y. 70, 76; *Carpenter* v. *Roe*, 10 id. 227; *Savage* v. *Murphy*, 34 id. 508; *Case* v. *Phillips*, 39 id. 164; *Shand* v. *Hanley*, 71 N. Y. 319; Bump on Fraud. Con. [3d ed.], 314, 324; *Schwartz* v. *Hazlitt*, 8 Cal. 118, 128.) The unchanged and uninterrupted possession by the grantors of the real estate, the failure to record the deed or to notify the tenants, their continued collection of the rents under an alleged parol agency, the failure to change the insurance and assessment, and all the other similar circumstances, fully sustain the findings of the court that the conveyance was intentionally and fraudulently concealed, and are indicative of fraud. (*Sands* v. *Hildreth*, 14 Johns. 493, 499 [marg. pp.]; *Sands* v. *Codwise*, 4 id. 536, 586 [marg. pp.]; *Clute* v. *Newkirk*, 46 N. Y. 684; *Bank of Orange Co.* v. *Fink*, 7 Paige, 87; *Dolson* v. *Kerr*, 5 Hun, 643; *Lamprey* v. *Donicorn*, 58 N. H. 376; *Ramsey* v. *Voorhees*, 38 N. J. Eq. 282.) The grantee was a party to the fraud in the deed. (*Corkhill* v. *Landers*, 44 Barb. 218; *Sammis* v. *McLaughlin*, 35 N. Y. 647; *Wendell* v. *Van Rensselaer*, 1 Johns. Ch. 344; *Rigney* v. *Smith*, 39 Barb. 383; *Pendleton* v. *Hughes*, 65 id. 136; *Shand* v. *Hanley*, 71 N. Y. 319, 321, 322; *Carpenter* v. *Roe*, 10 id. 227; *Carpenter* v. *Carpenter*, 25 N. J. Eq. 194; *Vaulk* v. *Cooke*, 39 Conn. 506; *Clark* v. *Taylor*, 37 Hun, 312; *Jacques* v. *Greenwood*, 12 Abb. Pr. 232; *Starin* v. *Kelly*, 88 N. Y. 421; *Smith* v.

*Shaul*, 21 N. Y. Week. Dig. 91; 12 Hun, 306, 308; 87 N. Y. 620, 622; 4 Johns. 585, 597; 32 N. J. Eq. 138; *Boos* v. *Boos*, 16 N. Y. Week. Dig. 217; *Briggs* v. *Briggs*, 89 N. Y. 446; *Zoeller* v. *Riley*, 100 id. 102.) The question of Hubbell's intent, motives and purposes is immaterial, although innocent and immaculate, if the intent of the Wilkinsons was fraudulent, the assignment is fraudulent. (*Shultz* v. *Hoagland*, 85 N. Y. 464; *Griffin* v. *Marquandt*, 17 id. 28; *Rathbun* v. *Platner*, 18 Barb. 272; *Work* v. *Ellis*, 50 id, 512; *Putnam* v. *Hubbell*, 42 N. Y. 106, 114; *Talcott* v. *Hess*, 31 Hun, 282, 284; *Young* v. *Heermans*, 66 N. Y. 374; *Wilson* v. *Forsyth*, 24 Barb. 105.) These conveyances and the assignment were contemporaneous to the moment in. their execution and consummation. (9 N. Y. 169, 179.) The question whether the deed, assignment and mortgage were all part of the same scheme and plan and related to each other was one of fact for the court. (*Mower* v. *Hanford*, 6 Minn. 535, 545.) The deed and mortgage being fraudulent and contemporaneous, at least in their consummation with the assignment, are indicative of the intent with which the latter was executed. (*Amsden* v. *Manchester*, 40 Barb. 158; *Hersey* v. *Benedict*, 15 Hun, 282; *Whitmore* v. *Patterson*, 8 N. Y. Week. Dig. 452; 9 N. Y. 169, 179; *Foley* v. *Butler*, 34 Md. 646; *Livermore* v. *Northrup*, 44 N. Y. 107; *Rundlett* v. *Dole*, 10 N. H. 458, 465; 85 N. Y. 464; *Angell* v. *Rosenburg*, 12 Mich. 241; 1 Paige, 298; 8 id. 417; 1 Barb. 210; *People* v. *Chalmere*, 60 N. Y. 154; *Lehmer* v. *Herr*, 1 Duvall [Ct. of App. of Ky.] 360.) The schedules are to be deemed a part of the assignment, and the insertion of any fraudulent or fictitious indebtedness therein avoids the assignment. (*Talcott* v. *Hess*, 31 Hun, 282; *Terry* v. *Butler*, 43 Barb. 395; *Schultz* v. *Hoagland*, 85 N. Y. 464; *Amer. Ex. Bank* v. *Webb*, 36 Barb. 291; *Frazier* v. *Truax*, 27 Hun, 587; *Dextan* v. *Morrell*, 26 N. Y. Week. Dig. 379, 380.) The execution of the deed, whereby the grantors attempted to prevent the property covered thereby from passing under their assignment to their creditors, was suppression of assets, enough to render the assignment

fraudulent. (*Fuller* v. *Ives*, 6 McLean [U. S.] 478.) The evidence shows such intentional omission to inventory assets, such suppression and unexplained disappearance of assets, as, of themselves, establish fraud in the assignment. ( *White* v. *Fagen*, 18 N. Y. Week. Dig. 358; *Iselin* v. *Henlein*, 2 How. Pr. [N. S.] 211; *Globe Woolen Co.* v. *Carhart*, 67 How. Pr. 403, 404; *Schultz* v. *Hoagland*, 85 N. Y. 464; *De Camp* v. *Marshall*, 2 Abb. Pr. 94, 387, 390; 50 Supr. Ct. [J. & S.] 100; *Pratt* v. *Stevens*, 94 N. Y. 387–390.) It was the duty of the assignee, if assets not mentioned in the inventory of the Wilkinsons really did come into his hands, to file a supplemental inventory. (Laws 1877, chap. 466; Laws 1878, chap. 318, § 2; *Wilson* v. *Robertson*, 21 N. Y. 587; *Knauth* v. *Bassett*, 34 Barb. 31; *Rundlett* v. *Dole*, 10 N. H. 458.) Public policy and the courts will exact a higher degree of good faith and honesty in the dealings of bankers with their depositors than in the ordinary relations of debtor and creditor. (*Anon*, 67 N. Y. 598; *Roebling* v. *Duncan*, 8 Hun, 502; *Hersey* v. *Benedict*, 15 id. 282; *Whitmore* v. *Patterson*, 8 N. Y. Weekly Dig. 452; *Talcott* v. *Rosenthal*, 22 Hun, 573; *Waverly Nat. Bk.* v. *Halsey*, 57 Barb. 249, 262; *Wilson* v. *Ferguson*, 10 How. Pr. 175; *Schufeldt* v. *Schnitzler*, 21 Hun, 462; *Clark* v. *Taylor*, 37 id. 312; *Jaques* v. *Greenwood*, 12 Abb. Pr. 262.) Plaintiffs' right to have the rents and profits and the possession of the real estate turned over to the receivers by the final judgment is not dependent upon their having secured them, as they accrued, by a temporary receiver, nor upon any legal title to the premises or lien springing therefrom while they were accruing. They are entitled to them through their receivers as assets of an insolvent estate applicable in equity to the payment of their judgments. (*Spader* v. *Davis*, 5 Johns. Ch. 280; *James Goold Co.* v. *Maheady*, 38 Hun, 294; *Hollenbeck* v. *Donnell*, 94 N. Y. 346, 347; *Farnham* v. *Campbell*, 10 Paige, 598; *Wood* v. *Rabe*, 96 N. Y. 424; Wait on Fraud. Convey. § 31; *Sims* v. *Gaines*, 64 Ala. 392; *King* v. *Wilson*, 11 Paige, 589; Bump on Fraud. Convey. [3d ed.], 610, 612; *Strike* v.

*McDonald,* 1 Bland [Md.] 74, 224; *Kipp* v. *Hanna,* 2 id. 35;
*Mead* v. *Combs,* 19 N. J. Eq. 115; *Alexander* v. *Todd,* 1 Bond
[U. S.] 188; *Sands* v. *Codwise,* 4 Johns. 536; *King* v. *Wilcox,*
11 Paige, 595; *How* v. *Camp,* Walker Ch. R. 435; *Marshall* v.
*Croome,* 66 Ala. 121; *James* v. *McCleod,* 61 Ga. 602; *Cowing*
v. *Howard,* 46 Barb. 579; *Warner* v. *Blakeman,* 4 Keyes, 513.)
The fact that the Wilkinsons were the owners and in open,
notorious possession of the real property prior to May fifth
was undisputed, and it was proper and competent to show by
plaintiffs that they knew of those facts by information and
personal observation. It is immaterial that they learned of
the ownership by hearsay and not from searching of the records
or statements from the Wilkinsons personally. (*Trenton
Banking Co.* v. *Duncan,* 86 N. Y. 229; *Savage* v. *Murphy,*
34 id. 510; *Wright* v. *Nostrand,* 94 id. 31, 41; *Granger* v.
*Purdy,* 16 N. Y. Weekly Dig. 241, 245; *Platner* v. *Platner,*
78 N. Y. 90; *Rouse* v. *Whited,* 25 id. 170; *Boos* v. *Boos,* 16
N. Y. Weekly Dig. 217, 218.) Acts in the form of state-
ments by a grantor while still in possession of real property,
and as such, though made after the conveyance, were part of
the *res gestæ* and admissible. (*Tilson* v. *Terwilliger,* 56 N. Y.
273. 276; *Crary* v. *Sprague,* 12 Wend. 41, 44; *Osgood* v.
*Eaton,* 1 East. Rep. 709; *Newlin* v. *Lyon,* 49 N. Y. 661; *City
Bank* v. *Westbury,* 16 Hun, 458; *Keator* v. *Dimmick,* 46 Barb.
158; *Moore* v. *Meacham,* 10 N. Y. 207; *Jellenik* v. *May,* 41
Hun, 386; *Mates* v. *Mates,* 76 N. C. 142; *Oates* v. *Brown,* 59
Ga. 711; *Arkew* v. *Reynolds,* 1 Dev. & Bat. [N. C.] 36; *U. S.*
v. *Griswold,* 8 Fed. R. 556; *Jones* v. *King,* 86 Ill. 225;
*Caldwell* v. *Rose,* 1 Smith [Ind.] 190; *Farnsworth* v. *Bell,*
5 Sneed [Tenn.] 55; *Lick* v. *Madden,* 25 Cal. 197; *Hilliard*
v. *Phillips,* 81 N. C. 99; *Redfield* v. *Buck,* 35 Conn. 328;
*Dewey* v. *Moyer,* 72 N. Y. 70, 80; *Cuyler* v. *McCartney,*
40 id. 221; *Place* v. *Minster,* 65 id. 89, 105, 106; *Levy* v.
*People,* 80 id. 327.) The acts and declarations of the assignors
prior to the assignment, while in possession of the property
and engaged in the prosecution of this fraudulent scheme,
leading up to and finally terminating in the assignment, were

competent against the assignee. They are competent if made after the assignment, while in the possession of the property. (*Adams* v. *Davidson*, 10 N. Y. 309; *Coyne* v. *Weaver*, 84 id. 386, 392; *Crouse* v. *Hessler*, 17 N. Y. Week. Dig. 519; *Talcott* v. *Rosenthal*, 22 Hun, 573, 574; *Wav. Nat. Bk.* v. *Halsey*, 57 Barb. 249; *Shufeldt* v. *Schnitzler*, 21 Hun, 462; *Byrd* v. *Hall*, 2 Keyes, 646; 10 Abb. Pr. [N. S.] 382; *Goodwin* v. *Goldsmith*, 49 Supr. Ct. R. 101; *Hersey* v. *Benedict*, 15 Hun, 282; 1 Greenl. on Ev. §§ 108–110; *Von Sachs* v. *Kretz*, 72 N. Y. 548, 552; *Howe Machine Co.* v. *Farrington*, 16 Hun, 591; *Brisbane* v. *Pratt*, 4 Denio, 63; *Corning* v. *Walker*, 100 N. Y. 547, 551.)

Earl, J. The court at Special Term found that the deed executed to John Wilkinson by his brothers J. Foreman and Alfred, for a consideration named therein of $140,000, covered real estate worth $375,000, which was subject to two mortgages amounting at the time to $93,600; that the deed was mostly voluntary and without consideration, and was executed, delivered and accepted when the grantors were insolvent, to the knowledge of all the parties thereto, and with the intent of each and all of them to hinder, delay, cheat and defraud the plaintiffs and the other creditors of the grantors; that the mortgage executed by John Wilkinson to Crosby was made with the same fraudulent intent, and was without any consideration; and that the assignment for the benefit of creditors was made by the assignors with the same intent and for the like fraudulent purpose.

The evidence upon the question of the fraud affecting the deed, mortgage and assignment, is intricate and voluminous. The findings of the trial judge in reference to it are minute and particular, and his opinion, delivered after the trial, is a very full, able and exhaustive discussion of the facts and demonstrates that his findings have ample support in the evidence. The facts were again carefully reviewed in the opinion pronounced at the General Term, and the two opinions render any further discussion of the evidence now unnecessary.

It is sufficient for us now to say that we have carefully scrutin-ized the evidence in the light of the able argument submitted to us, and we are unable to say that any material finding of the trial judge is unauthorized by sufficient evidence. Our attention may, therefore, now be confined solely to the rulings of the judge upon such questions of law as we deem of suffi-cient importance to require particular consideration.

The plaintiffs were not in a position to assail the deed and mortgage without also effectually assailing the assignment. So long as that had force and operation, the right to assail the deed and mortgage rested in the assignee under the act chapter 314 of the Laws of 1858. (*Spring* v. *Short*, 90 N. Y. 538; *Crouse* v. *Frothingham*, 97 N. Y. 105, 113.) Hence it was proper for the plaintiffs upon the trial to give any competent evidence which had a material bearing, as against any of the parties, to establish the fraud in either of the instruments. It is only by virtue of a valid assignment that an assignee is vested with the right, under the act of 1858, to assail fraudu-lent transfers of property by his assignor. If the assignment itself is for any reason fraudulent and void, it may be set aside, and then all power of the assignee under it ceases. An innocent assignee may not be permitted to act under a fraudu-lent assignment. The provision of law (3 R. S. [7th ed.] 2329) that every conveyance or assignment, made with the intent to hinder, delay or defraud creditors, is void, is still in full force and operation, notwithstanding the act of 1858 and the various acts relating to voluntary assignments for the benefit of creditors. It may be that in a particular case an honest assignee may, under the acts referred to, undo all the fraudu-lent acts of the assignor preceding and attending the assignment and the preparation of the schedules under it. Yet, if the assignment was made by the assignor with the fraudulent intent condemned by the statute, the assignment may be set aside at the suit of judgment-creditors, and all powers of the assignee, however honest he may be, taken away. In assailing a voluntary assignment for the benefit of creditors, it is

important only to establish the fraudulent intent of the assignor (*Starin* v. *Kelly*, 88 N. Y. 418), and when that has been established the assignment may be set aside, and creditors may then pursue their remedies and procure satisfaction of their judgments as if the assignment had not been made.

The learned counsel for the appellants lays great stress upon the distinction between fraud upon the assignment and fraud in the assignment. While such a distinction doubtless exists, as a solvent of any questions involved in this case it is of no importance. When there is fraud in an assignment, it may be assailed by creditors and set aside as fraudulent. When there is fraud upon an honest assignment, by prior fraudulent transfers of his property by the assignor, or by a subsequent withholding of property from the assignee, or in the schedules required by law to be made, the remedy is with the assignee, who may avoid the fraudulent acts and secure all the property of the assignor for administration under the assignment. Frauds upon the assignment, either by the assignor or assignee, do not necessarily avoid the assignment, but they may be considered in determining whether there was any fraud in the assignment, and frequently furnish very convincing and sometimes conclusive evidence upon that point.

After the execution of the deed to John Wilkinson by his brothers, it was kept from record and carefully concealed from the public. All the property granted remained in the possession of the grantors, who collected and received and used the rents therefrom, as they had before, until the execution of the assignment on the ninth day of December; and the property continued to be assessed to the grantors, and was insured by them in their names; and all this was done without any notice of the change in the title to the tenants, assessors or underwriters. The plaintiffs were permitted, against the objection of the defendants, to prove the declarations of the grantors while they were thus in the possession of the property, made to various depositors in their bank, intermediate the execution of the deed and of the assignment, to the effect that they owned the property covered by the deed; and the claim is

now made on behalf of the appellants that these declarations were improperly received as evidence. We are of opinion that they were proper evidence. They were competent against the persons making them, who were defending the action and against whom it was incumbent upon the plaintiffs to establish the frauds which they alleged; and being competent against them, they could not have been excluded by the court. (*Wright* v. *Nostrand*, 94 N. Y. 31.) But the declarations were competent generally against all the defendants. It was competent as bearing upon the questions of fraud, both in the deed and the assignment, to show that the deed was purposely kept from record and concealed from the public, and that it was not intended, as between the parties, as an operative conveyance. They were acts by which the concealment was in part effected. It was found, in substance, by the trial judge, that it was part of the fraudulent scheme concocted by the three brothers, grantors and grantee, to keep the conveyance secret, that the grantors might receive credit and obtain deposits at their bank while their property was beyond the reach of their creditors; and these declarations were a portion of the means used to accomplish the fraud. Still further, it was competent for the plaintiffs to prove the continued and unchanged possession of the granted property by the grantors, and to show their declarations while in possession for the purpose of characterizing it. They are in the nature of *res gestæ* declarations, and on the question of fraud clearly competent. (*Moore* v. *Meacham*, 10 N. Y. 207; *Cuyler* v. *McCartney*, 40 id. 221; *Nevlin* v. *Lyon*, 49 id. 661; *Tilson* v. *Terwilliger*, 56 id. 273; *Von Sachs* v. *Kretz*, 72 id. 548; *Truax* v. *Slater*, 86 id. 630; *Crary* v. *Sprague*, 12 Wend. 41; *Jellenik* v. *May*, 41 Hun, 386.)

It was the claim of the defendants that on the 1st day of November, 1873, J. Foreman and Alfred Wilkinson gave their bond to John Wilkinson for himself and his brother Dudley to secure the payment of $140,000, and that the balance due upon that bond was the consideration for the deed of May 5, 1884. It was a matter much litigated upon the

trial whether the bond was ever a subsisting obligation, and if it was, whether there was anything due thereon at the date of the deed. Wilkinson & Co. kept books of account, as bankers, in which their financial transactions were entered. Upon the trial the plaintiffs were permitted to show, against the objection of the defendants, that those books did not contain any entry of indebtedness from them to John or Dudley on the 4th or 5th day of May or the 9th day of December, 1884, and that they did not contain any entry at any time of indebtedness from J. Foreman and Alfred to their brother John upon the bond mentioned. The appellants claim there was error in the admission of this evidence. It is undoubtedly true that if this were a controversy between John and his brothers, the latter could not introduce their books for the purpose of showing that the bond was without consideration, or that it had been paid. (*Carroll* v. *Deimel*, 95 N. Y. 252.) But this is not a controversy between John and his brothers, and the latter are not seeking to maintain that their own books are evidence in their favor. The controversy is between the creditors and the three brothers, and the plaintiffs seek to establish fraud in the execution of the deed, mortgage and assignment against the three. There can be no suspicion that the books were manipulated for the purpose of cheating or taking any advantage of John. They were kept in the regular course of a large business, and the entries were made from day to day as transactions occurred. The defendants alleged that the consideration of the deed was an indebtedness from them to John, and it was competent for the plaintiffs to show, if they could, that no written obligation of any kind for the debt existed; and if John kept books of account; that there was no charge of the debt in his books; and if the debtors kept regular books in which were entered their debts and credits, that there was no entry of the debt upon their books. Such evidence is competent to show how the matter was treated by the parties severally, and their conduct in reference to transactions alleged to be fraudulent. The fact that the grantors gave a deed in discharge of a debt of which no

trace could be found upon their books was a circumstance which could be proved against all the parties. What appeared and what did not appear upon the books were not in the nature of mere declarations of the grantors, but they were in the nature of acts and conduct pertinent to the inquiry. The scope of the inquiry where fraud is under investigation may be a very broad one, and the inquiry may, subject to some control of the trial judge, extend over a wide field, and it should not be limited, as it must be in an action by a creditor simply to recover his debt from his debtor.

It was claimed on the part of the plaintiffs, as one of the badges of fraud, that a large amount of household furniture in the houses of the assignors, and belonging to them, was withheld from the assignee and from their inventory. The claim of the defendants was that such furniture belonged to the wives of the assignors respectively. Upon the trial the plaintiffs were permitted to prove, against the objection of the defendants, John Wilkinson and the assignee, declarations of Alfred made several years before the date of the assignment, to the effect that a valuable piece of furniture mentioned was bought by him in England and brought to his home in Syracuse. Even if this evidence were incompetent, it was not harmful. It was undisputed that Alfred did purchase the furniture, and in the absence of evidence the presumption would have been that furniture in his house in use by his family was purchased by him and belonged to him. He testified that he purchased the furniture with his wife's money for her, and there was nothing in the declarations proved essentially to contradict that.

The record contains many other exceptions to rulings upon questions of evidence. They are so many that it is impossible here to notice each separately. It is sufficient to say of them that they have been carefully considered and that none of them point out error prejudicial to the defendants. The trial judge held that the creditors were entitled to reach the rents and profits of the real estate conveyed to John, accruing from December ninth, when he entered into possession thereof, to the time of the judgment ordered by him, and he directed

him to account therefor and pay them to the receivers appointed by the judgment; and this portion of the judgment is now assailed as erroneous. The claim is that the plaintiffs, as to the real estate, after the deed, mortgage and assignment have been vacated and set aside, were entitled to one of two remedies, a conveyance of the real estate by John to the receivers, in which event they would take the rents and profits only from the time of the conveyance to them; or a sale of the real estate under their executions, in which event the purchaser at such sale would be entitled to the rents and profits from the time of the deed at the end of fifteen months from the sale, and John would be entitled to all that accrued before that time. We think this claim clearly unfounded. These debtors could no more give away the rents and profits of their real estate than they could give away the real estate itself, and John has no more right, as against these creditors, to hold the former than he has to hold the latter. The deed to him being fraudulent and void, and having been set aside, he has no title, as against the plaintiffs, to the rents received by him. It is no answer to this for John to say that when he received the rents he had the title to the real estate. In taking that title, he perpetrated a fraud upon the creditors of the grantors and received the rents in furtherance of the same fraud. While the deed was valid as between the parties thereto, it was not as to creditors; and as to them, John gained no title to the real estate or to the rents thereof. If the rents had been collected by the debtors and had been found in their hands, it is conceded that the creditors could have reached them, and why may they not reach them in the hands of their fraudulent grantee? If the assignment of a mortgage on land be set aside as a fraud upon creditors, cannot the fraudulent assignee be made to account for any payments to him of principal or interest upon the instruments? Suppose John had sold any of the real estate to an innocent purchaser, and the price thereof had been paid to him, could he not have been compelled to account for the same? There is no defect in the complaint. The facts alleged are sufficient, and the prayer for relief is

broad enough to authorize this provision in the judgment. The plaintiffs are judgment-creditors, with executions returned unsatisfied, and hence are in a position to assail in this action any fraudulent disposition of their debtor's real or personal property and to reach either legal or equitable assets of their debtors. There is not only no reason in equity or justice for allowing John, upon the facts found, to retain between $30,000 and $40,000, received by him for rents, but there is no authority which sustains his contention. In *Robinson* v. *Stewart* (10 N. Y. 189), it was held that the grantee of lands by a fraudulent conveyance, upon the sale of such lands in a creditor's suit, is not accountable to the creditors at large for the rents and profits prior to the time when a receiver is appointed. There the creditors did not have judgment against the debtor, the fraudulent grantor, and they were mere creditors at large. Here the plaintiffs have judgments, with executions returned unsatisfied, and they are entitled to all the relief against both the legal and equitable assets of their debtors which the courts are able to give in a creditor's suit; and nothing to the contrary was decided in the case cited. In *Collumb* v. *Read* (24 N. Y. 505), it was held that the trustee, under an assignment of lands which is declared fraudulent at the suit of a creditor, is not bound to account for the rents received and in good faith applied, according to the terms of the trust, before the commencing of the suit, or the attaching of any specific lien upon the lands. This is not such a case. Here the rents are found in the possession of the fraudulent grantee, and there is no claim that they have been applied in accordance with any requirement or direction of the grantors. They can be reached in this suit precisely as if they had been found in the possession of the grantors. In *Wright* v. *Nostrand* (94 N. Y. 31 and 98 id. 669), we held that in an action by a receiver, appointed in supplementary proceedings, to set aside as fraudulent a conveyance of real estate executed by the judgment-debtor, so as to subject the property to levy and sale on execution, when the receiver simply proves his appointment without showing the proceedings necessary to vest in him title

to the real estate, he is not entitled to recover the rents and profits. In that case the sole purpose of the action was to set aside the fraudulent conveyance, and RUGER, Ch. J., writing the opinion, said that, in considering the questions involved in the case, "it should be borne in mind that the plaintiff is not here asserting any title to or interest in either the real or personal property of the judgment-debtor, by virtue of his appointment as receiver, but is simply seeking to remove a cloud upon the debtor's title to the property in question, so as to subject it to sale on execution," and it was in reference to such a condition of the case that the decision was made as to the rents and profits.

We need go no further; we believe we have overlooked none of the numerous questions submitted for our consideration, and our conclusion is that the judgment should be affirmed, with costs.

All concur, except RUGER, Ch. J., and ANDREWS, J., taking no part.

Judgment affirmed.