Ingraham, J.
To entitle plaintiff to judgment in this, action it must be established, to the satisfaction of the court, that the general assignment for the benefit of creditors was made with the intent to hinder, delay and defraud creditors, and this fraudulent intent must be proved by competent evidence to have existed at the time the assignment was made.
The fact that prior to the time of making the assignment the assignors obtained credit for property purchased by means of fraudulent misrepresentations; that money or property belonging to the firm had been fraudulently misapplied by the assignors, or that subsequent to the assignment the property that was covered by the assignment had been obtained and used by the assignors, instead of being delivered to the assignee, does not of itself necessarily show such intent.
That these facts are competent evidence to be considered in determining the intent with which the assignment was made, is true, but a consideration of the whole testimony must convince .the court that the intent with which the assignment was made was fraudulent, and the facts proved must be inconsistent with an honest intent in executing the assignment before the fact that the assignment was made with intent to hinder, delay or defraud creditors can be said to be proved.
The distinction is noticed in the case of Loos v. Wilkinson (110 N. Y., 210; 18 N. Y. State Rep., 110). Earl, J., in delivering the opinion of the court, says: “The learned counsel for the appellants lays great stress upon the distinction between fraud upon the assignment and fraud in the assignment. While such a distinction doubtless exists, as a solvent of any questions involved in this case it is of no importance. When there is fraud in an assignment it may be assailed by creditors and set aside as fraudulent. When there is fraud upon an honest assignment by prior fraudulent transfers of his property by the assignor, or by a subsequent withholding of property from the assignee, or in the schedules required by law to be made, the remedy is with the assignee, who may avoid the fraudulent acts and secure all the property of the assignor for administration under the assignments. Frauds upon the assignment either by the assignor or by the assignee do not necessarily avoid the assignment, but they may be considered in determining whether there was any fraud in the assignment, and frequently furnish very convincing and, sometimes, conclusive evidence upon that point.”
Applying the rule above stated to this case, I think the proof fails to show that the assignment sought to be set aside, was made with the intent above stated.
*61 Most of the facts relied upon by the plaintiff happened a considerable time before the assignment in question was made.
The assignors commenced purchasing tobacco in Holland over a year before the making of the assignment, but while in the six months preceding the assignment, purchases were largely in excess of previous years, still I think such purchases are entirely consistent with the expectation that a good business and profitable- sales of the property purchased would.enable the defendants to pay their obligations and continue its business.
In regard to the Frank transaction, the merchandise transferred to Frank was transferred more than two years prior to the making of the assignment, and the subsequent transactions between Frank and the assignors, have no such relation to the assignment as would characterize it as fraudulent.
So far as defendant Salomon attempted to give the estate which he was an executor of a lien upon his individual interest in his real estate, by a mortgage made by him for any amount due him o's executor is concerned, that he had a perfect right to do. It was simply securing a debt that he owed. The mortgage was given not to secure any particular amount, but whatever should be found due by him to the estate.
So far as the firm mortgage is concerned, it does not attempt to secure any particular amount, or recite that any amount is due. It is simply given to secure any amount that should be subsequently found to be due from the firm to the estate, and if, as plaintiffs claim, nothing was actually due by the firm to the estate, then no obligation is created by the mortgage. So far as the firm was indebted to the estate, it had a legal right to secure its creditor by a mortgage on its property.
The debt to the Valadier estate, was incurred, so far as appears, prior to May, 1884, and there is no suggestion that that debt was not valid or that the money was not actually owed by the assignors. The payment of $21.50 to Salomon & Sons took place some time before the assignment and has no connection with it. It was not proved that any of the amounts charged in the books of the assignors as paid, for duties in excess of the amount actually paid, was in the .possession of the assignors at the time of the assignment, or that such charges had in reality any connection with the " assignment.
Whether the amount was, in fact, paid by the assignors to aid some criminal or illegal design, or was simply appropriated by them,- is entirely immaterial, as there is no proof *62 that the transaction had anything to do, or any connection with, the assignment in question.
_ Nor, on the proof as it stands, is the fact that the assignors have occupied the house belonging to the firm since the assignment was executed, evidence of the intent with which the assignment was made. The assignee by accepting the trust made himself liable for its proper execution, and if he has been negligent in taking possession of the estate and renting it or selling it, he can be held liable for the amount lost on an accounting.
It is not proved by competent evidence that the assignors received the rent of the other real estate for either January, 1888, or subsequent months. Adler, one of the assignors, at first stated that his partner received the rents for January, but subsequently stated that he knew nothing about it of his own knowledge, and he knew nothing of the subsequent rents, but whether or not the January rents were received, there is no evidence to show that they were in the possession of the assignors at the time the assignment was made.
The fact of the appropriation by^he assignors of between three and four thousand dollars on the day before the assignment, remains to be noticed. The evidence is that that money was taken and the greater part paid to the wife of the defendant Adler, to be used in paying bills due by the assignors for living expenses, and it was handed over by Adler to his wife prior to the making of the assignment. Adler, who was called for the plaintiff, swears that he was advised by his attorney that he had a right to make such a disposition of this sum of money. It was a very small portion of the assigned estate, and, under all the circumstances of the case, I am not disposed to say that this act shows that the assignment was made with intent to hinder, delay and defraud creditors.
On the whole case, I have come to the conclusion that the proof fails to sustain the plaintiff’s case and that the defendants should have judgment, with costs.