By the Court.—Truax, J.
The plaintiffs allege that the defendants, William H. Payne and Frederick D. Steck, were indebted to them and others in various amounts; that they, the plaintiffs, commenced various actions to recover such amounts and that they obtained *454 attachments against said defendants, William H. Payne and Frederick D. Steck, which attachments were duly issued to the sheriff of the city and county of New York; that prior to the commencement of said actions and to the issuing of said attachments, the said defendants, William ti. Payne and Frederick D. Steck, confessed judgments to the defendants, Mary L. Payne, Augusta L. Bamber and Louise Nellis; that executions were issued on said judgments to the sheriff of the city and county of New York, who thereupon levied upon all the property of the said defendants, William H. Payne and Frederick D. Steck; that thereafter said Payne and Steck made and executed a general assignment to one Arthur H. Smith; that said judgments were fraudulently confessed, and that said assignment was made with the intent to hinder, delay and defraud the creditors of said William H. Payne and Frederick D. Steck, and that the executions issued on said fraudulent judgments are liens, and said assignment is an incumbrance on the property of said Payne and Steck prior to the liens of the attachments issued as aforesaid in behalf of the plaintiffs; that the sheriff is about to pay to the said judgment creditors the money made by him on the executions issued on said fraudulent judgments, and the relief demanded is that the said defendants, Mary L. Payne, Augusta L. Bamber and Louise Nellis be enjoined from receiving, and the said sheriff be enjoined from paying to them, the moneys made on said executions “until the plaintiffs herein are enabled to obtain their judgments on the claims brought by them, on which attachments were issued as aforesaid, in order to determine the validity of the judgments upon which the executions were issued to the sheriff in favor of the defendants as aforesaid.”
It is to be noticed that the general assignee is not made a party to this action, and that as far as this action is concerned, said general assignment remains in full force and effect.
*455 The defendants, the judgment creditors above named, deny the allegations of fraud, but admit the general assignment. We do not, however, consider it necessary to determine on this appeal the questions of fraud as to the confessions of judgment. We cannot determine the question of fraud as to the assignment because the assignee is not a party to this action.
On the argument of this appeal the plaintiffs relied on the case of Bates v. Plonsky, 28 Him 112. That case differs from the case now before us in a very material aspect; in that case, as in this, there were judgments, executions and an assignment, which were all alleged to be fraudulent and void, but in that case the assignee was made a party, and part of the relief asked was that it be adjudged that the plaintiffs had a lien prior to the claim of the assignee. But even that case was limited by the same court in the subsequent case of Bowe v. Arnold, 31 Hun 256.
We are of the opinion that the plaintiffs are not in a position to assail the prior judgments and executions as long as the general assignment remains in force. They have alleged the making and recording of the assignment, and have made the assignment itself a part of their moving papers. As long as that assignment remains in force, the right to assail the judgments and executions on the ground that they are fraudulent against creditors, rests not in the creditors themselves, but in the assignee. Loos v. Wilkinson, 110 N. Y. 195-209, and cases there cited. And the assignee is liable for a negligent omission.to assail fraudulent transfers made by the assignors prior to the assignment. In re Cornell, 110 N. Y. 351.
The order appealed from is reversed with costs, and the injunction is vacated with $10 costs.
Sedgwick, Ch. J., and Ingraham, J., concurred.