BENJAMIN H. DAVIS AND OTHERS, RESPONDENTS, *v.* JAMES D. HARRINGTON AND CHARLES H. YOST, AS ASSIGNEE OF JAMES D. HARRINGTON, APPELLANTS.

*What acts prior to an assignment for creditors constitute a part thereof — the fact of purchasing goods and pledging them immediately prior to an assignment is to be considered on the question of fraud.*

The acts of a debtor, immediately preceding and preparatory to an assignment for the benefit of creditors, are inseparable from the execution of the assignment itself, and must be deemed a part of the general purpose of the assignor.

*Loos* v. *Wilkinson* (110 N. Y., 195) distinguished.

The fact that a debtor, immediately previous to the making of a general assignment for the benefit of creditors, buys a large quantity of diamonds which he pledges for money borrowed, to various persons at much less than their value, and that he transfers a large quantity of his stock in trade in payment of a fictitious debt, is to be taken into consideration in determining the question as to whether the assignment is fraudulent or not.

APPEAL by the defendants from a judgment entered, upon the decision of the court upon a trial before the court without a jury, in the office of the clerk of the county of Monroe on the 8th day of May, 1889.

The action was brought to set aside a general assignment made by the defendant James D. Harrington to the defendant Charles H. Yost, on the ground that it was made with the intent to defraud creditors. The court, at Special Term, found that the assignor purchased an extraordinary large quantity of diamonds and immediately thereafter, and just prior to the making of the assignment, pledged them for money borrowed by him; that immediately before the assignment the assignor fraudulently turned over to one Myers a large quantity of goods in payment of a pretended debt due from him to said Myers, and that said goods were turned over to said Myers in preparation for said assignment, and that the assignment was made by said assignor with intent to delay, hinder and defraud his creditors.

*Henry M. Hill,* for the appellants.

*David Hays,* for the respondents.

MACOMBER, J.:

The principal contention on behalf of the appellants is that the findings of the learned trial judge, Nos. 6, 7 and 8, are unsupported by the evidence. These findings are, in brief, that shortly previous to the making of the assignment by the defendant Harrington to the defendant Yost, and in preparation thereof, Harrington bought a large quantity of diamonds which he pledged for money borrowed to various persons at much less than their value; that Harrington also, just before making the assignment, disposed of large quantities of his stock of goods to one Myers, in payment of a pretended and fictitious debt from Harrington to Myers; that the assignment was made by the defendant Harrington and was received by the defendant Yost with the intent to hinder, delay and defraud Harrington's creditors.

In respect to the sixth finding the argument is, that the evidence does not show, as such finding alleges, that, in preparation of such assignment, Harrington bought from persons other than the parties to this action about $7,000 worth of diamonds. This finding, as contained in the printed record, is incorrectly given, the result, doubtless, of careless copying. On examination of the original judgment-roll, which we have caused to be produced, it is ascertained that the gross amount of $7,000 includes the purchases from the plaintiff Davis, and is correct. This technical error in the finding, as printed in the case, is wholly unimportant, because even if it was so contained in the decision as filed, it was not excepted to by the appellants, nor was there any request to the learned judge to find differently upon the testimony.

We have made a protracted examination of the printed record, and are not able to say that the learned judge at the trial has failed to follow a clear preponderance of the evidence adduced upon the main questions. A discussion of the evidence in detail would require more space than is commonly allotted to an opinion upon appeal from this class of cases. The plaintiffs assumed from the beginning, the duty of satisfying the judicial mind by a fair preponderance of the evidence, though not by demonstration, that fraud on the part of the assignor was designed and was actually perpetrated in his scheme to make large purchases of diamonds and to realize upon the same such moneys as he could obtain therefor, and then turn over to his

assignee, the mere shell of his property. The claim that the assignor cannot be proceeded against by defrauded creditors, for the reason that whatever fraud had been accomplished was not in the assignment, but outside of it and preceding it, thus bringing himself within the imaginary protection of the case of *Loos* v. *Wilkinson* (110 N. Y., 195), is not tenable.

The defendant Harrington made a voluntary surrender of all of his tangible property and then resorted to the device of making an assignment for the benefit of creditors, so that his fraud could not be unearthed. This, as we held in the case of *Manning* v. *Beck* (7 N. Y. Supp., 215; S. C., 54 Hun, 102), was a fraud upon the act (Laws 1887, chap. 503), and could be defeated by a judgment-creditor. The evidence before us establishes, with reasonable certainty, the assignor's fraudulent intent at the time of making the assignment. The well-ascertained facts established at the trial, are inconsistent with an honest intent on the part of the debtor to devote his property at the time of the assignment to a fair distribution among his honest creditors. The acts immediately preceding and necessarily leading up to the assignment are inseparable from the execution of the assignment itself, and must be deemed a part of the general fraudulent purpose of the assignor.

The judgment appealed from should be affirmed, with costs.

BARKER, P. J., and DWIGHT, J., concurred.

Judgment affirmed, with costs.