(26 Misc. Rep. 175.)

### HARTING v. ROSENFELD et al.

(Supreme Court, Special Term, New York County. January, 1899.)

ATTACHMENT—MOTION TO VACATE.

> An attachment brought by a creditor against a general assignee of the debtor will not be vacated where allegations showing fraudulent conveyance of the property by the debtor are made, which allegations are in no wise denied, except that the debtor asserts that he has delivered to the assignee all his property, and that the assignee stands ready to recover any property that may have been concealed from him.

Action by Earnest A. Harting against Samuel Rosenfeld and others. Motion to vacate attachment denied.

L. G. & W. G. Goodhart, for plaintiff.
M. D. Steuer, for defendants.

SCOTT, J. The defendant Rosenfeld, on November 18, 1898, made a general assignment, without preferences, for the benefit of his creditors. The plaintiff, suing as assignee of a number of these creditors, has obtained a warrant of attachment upon the ground that Rosenfeld had secreted his property with intent to hinder, delay, cheat, and defraud his creditors. It appears from the affidavits upon which the attachment was obtained that a representative of one of the creditors was in Rosenfeld's store a few days before the general assignment was made, and found it full of goods, including a large quantity of the goods which had been sold to Rosenfeld by the affiant's

56 N.Y.S.—48

employers, and for the price of which this action is, in part, brought; that a few days later he again visited the store, and found it entirely bare of goods; that a few days after the general assignment had been made he visited the store for a third time, and found therein a large stock of goods, including a portion of the goods which had been sold to Rosenfeld by affiant's employers previous to the assignment, and for which, in part, this action is brought; that there was a sign upon the premises bearing a name other than that of Rosenfeld, but that Rosenfeld himself was in charge of the place, apparently conducting the business as he had done before the assignment. None of these allegations are in any wise denied, controverted, or explained in the affidavits read in behalf of the defendant in the motion to vacate the attachment. The assignee contents himself with saying that the language of the assignment is broad enough to convey to him the title to any property belonging to the assignor, including goods that he may have concealed; that the assignor asserts that he has delivered to the assignee all his property, and he (the assignee) stands ready to bring an action to recover any property that Rosenfeld may have concealed from him. It further appears that while the assignee asserted that the property received by him was sufficient to pay no more than 5 per cent. of the claims of creditors, still he caused offers to be made to all the creditors that they should be paid 25 per cent. of their claims if they would release the assignor. Upon this state of facts, which are entirely uncontradicted, the plaintiff claims that the whole transaction, including the assignment and the withholding from the assignee of a considerable amount of the assignor's property, was a scheme on the part of the assignor to hinder, delay, cheat, and defraud his creditors. The circumstances certainly point very clearly in that direction. This action necessarily attacks the bona fides of the assignment, and all that is said by the defendant in its behalf is that it must be valid, because it contains no preferences. This, however, by no means follows. Even an assignment without preferences may be made the means of delaying and defrauding creditors, where it is accompanied, as this assignment appears to have been, by the secreting and nondelivery to the assignee of a considerable portion of the assignor's property. No imputation is cast in the affidavit upon the good faith of the assignee, and it is unimportant whether he acted in good faith or was a party to the attempted fraud. If the assignment was made by the assignor as a part of a fraudulent scheme, it may be set aside at the suit of judgment creditors, however honest the assignee may be; for in assailing such an assignment it is important only to establish the fraudulent intent of the assignor. Loos v. Wilkinson, 110 N. Y. 195, 18 N. E. 99; Starin v. Kelly, 88 N. Y. 418. The uncontradicted and unexplained averments in the plaintiff's affidavits seem to establish such a fraudulent intent in the present case. There are two items in the plaintiff's claim which appear to have already been made the subject of actions in the city court. If, when the complaint is framed, this appears to be so, the defendant, as to these items, may be able to set up a sufficient defense. Their inclusion, however, does not furnish sufficient ground for vacating the attachment on this motion. The objections to the form of the at-

tachment and of the affidavit upon which it is based do not seem to be well taken.

Motion denied, with $10 costs.