Lorenzo Dow *versus* Matthias P. Sawyer *& als.*

*It seems,* that contemporaneous entries made by third persons in their own books, in the ordinary course of business, the matter being within the knowledge of the party making the entry, and there being no apparent motive to pervert the fact, are received as original evidence.

The books of a deceased agent, proved to be in his own handwriting, are

admissible as evidence for his principals, if, on inspection, they appear to have been kept fairly, and the entries to have been made, as he had occasion to make them in the way of his agency, and to relate to the matter in controversy between the parties.

EXCEPTIONS from the District Court, GOODENOW J. The action was assumpsit on account annexed, in which the defendants were charged for 96 days work at $1,25 a day, amounting to $120, and on which was credited the sum of $26, leaving a balance of $94. The defendants offered in evidence certain memorandum books kept by their agent, since deceased, in his handwriting, and relating to the matter in controversy, showing payments to the plaintiff more than he had credited; but they were excluded by the Court. The exceptions presented several points, but the view taken by the Court renders all but one of them immaterial.

*Hobbs,* for the defendants.

*Ingersoll,* for the plaintiff.

SHEPLEY J. — The action is assumpsit to recover for labor alleged to have been performed for the defendants, by direction of their agent, Hazen Mitchell, deceased, in repairing the Penobscot Steam Mill. The plaintiff had credited in his account, payments made by Mitchell to him. Among other grounds of defence, it was contended that Mitchell had paid to him more than he had credited. To prove this, the entries in certain small memorandum books of Mitchell, made in his handwriting, were offered to be read in evidence, but were excluded. They were held to be inadmissible " without proof that they were the daily minute books of said Mitchell, in which he was in the habit of making his entries." That they were the books of Mitchell and that the entries were made in his handwriting, appears from the statement made in the bill of exceptions. After the decease of a person, who has made entries in his books of his business transactions, it might be very difficult, if not impossible in many cases, to prove " that they were [his] daily minute books" or in other words, that he made entries in them daily. How frequently he made entries in them might perhaps

be readily ascertained by inspection.  And whether he was in the habit of making entries in them might be ascertained in the same manner.  The purpose for which the books were kept and how far the entries appeared to have reference to the business of repairing the mill, and to the plaintiff's account, would become known by inspection.  And the Court, upon inspection of the books, would be authorized to decide, whether they were of a character to permit the entries made in them to be used as testimony.

In several of the decided cases it does appear, that testimony was offered to prove that the deceased person was accustomed to make entries and to keep books of the kind offered in testimony, while in other cases, no such proof appears to have been introduced, when the book itself sufficiently disclosed the purpose, for which it was kept, and for which the entries had been made.  There does not appear to be any rule requiring proof to be made by any extraneous testimony, when it may be satisfactorily obtained by an inspection of the book.

The entries offered do not appear to have been excluded, because they were found upon inspection of the books, not to have been made by Mitchell regularly as he had occasion to make them in the course of his business in repairing the mill, or because they were found to be of such a character as to be inadmissible.

The entries having been made in the handwriting of Mitchell, and in his books, if it appeared on inspection, that they were made respecting his business, while he was employed to make repairs on the mill, and that they had reference to the account of the plaintiff, while he was employed to make repairs on it, they would be legally admissible as original evidence in the case.

The rule, as stated by Mr. Greenleaf, 1 Greenl. Ev. § 116, appears to be sustained by the cases referred to by him ; that contemporaneous entries made by third persons in their own books in the ordinary course of business, the matter being within the knowledge of the party making the entry and there being no apparent motive to pervert the fact, are received as original evidence.

According to this rule the entries offered should have been received without extraneous proof, if upon inspection of the books, they appeared to have been fairly kept, and to contain entries respecting the business of Mitchell in repairing the mill, which might shew the amount paid to the plaintiff, on account of his labor, performed at the request of Mitchell.

*Exceptions sustained and new trial granted.*