NATHAN H. PRATT, administrator, *vs.* EDMUND WHITE.

Norfolk.   Jan. 19. — March 2, 1882.   LORD, FIELD & C. ALLEN, JJ., absent.

In an action by an administrator upon an account annexed for goods sold and delivered to the defendant by the plaintiff's intestate, the book of original entries kept by the intestate, supported by the plaintiff's oath, is admissible in evidence, although neither measure, weight nor quantity is given in connection with the several items charged.

CONTRACT upon an account annexed for goods sold and delivered to the defendant by the plaintiff's intestate. Answer, a general denial.

At the trial in the Superior Court, before *Putnam*, J., the plaintiff offered in evidence the book of original entries kept by his intestate, with his own oath and that of the intestate's clerk. The defendant objected to its admissibility, on the ground that no measure, weight or quantity was given in connection with the several items charged. The judge ruled that this did not make the book incompetent evidence to be submitted to the jury, and admitted it.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions, of which the book was made a part.

*J. Humphrey*, for the defendant.

*C. Q. Tirrell & N. H. Pratt*, for the plaintiff.

DEVENS, J. The admission of the books of account of a party to prove items of work done and goods delivered, when supported by his own oath, or, if he is deceased, that of his administrator or executor, has long been permitted in this State, and under various restrictions, some created by statute, in all the States of the Union. It has been sanctioned as an exception to the general rule of law as it formerly existed, that a party should not be a witness in his own case, and from supposed necessity, in order to prevent a failure of justice, that he shall be allowed to produce the record of his daily transactions, to many of which, on account of their variety and minuteness, it cannot be expected there will be witnesses.

It is for the court to decide upon the admissibility of the book offered, although the weight to be given to it afterwards must be largely a question for the jury, in connection with its appearance, the manner in which it is kept, and the other evidence in the case. It must appear to have been honestly kept, and not intentionally erased or altered, and to have been the record of the daily business of the party, made for the purpose of establishing a charge against another. Necessarily, regard is to be had to the education of the party, his methods and knowledge of business, &c., in deciding this question. *Cogswell* v. *Dolliver*, 2 Mass. 217. *Prince* v. *Smith*, 4 Mass. 454.

The decision of the court to admit the book is final and con clusive, unless from its character, or from that which was sought to be proved by it, it could not have been admitted even if it met those tests. Although somewhat irregularly made a part of

the exceptions to be examined by the court, the book has not been produced by the defendant for our inspection. It appears that measure, weight and quantity were not given in connection with the items of goods charged, but for this reason we are not prepared to say that it was inadmissible. If the book contain the record of the party, daily transactions made for the purpose of a charge, it may be admitted, even if deficient in many respects. It does not follow that, before a plaintiff can fairly ask a verdict, he may not be compelled to supply deficiencies in the evidence his book affords. This bill of exceptions does not show that other evidence was not introduced.

A time book which has only the name of the party and marks under particular dates has been admitted. *Mathes* v. *Robinson*, 8 Met. 269. Upon the same principle, marks on a shingle or upon a notched stick have been admitted. *Kendall* v. *Field*, 14 Maine, 30. 1 Greenl. Ev. §§ 118, 119. Yet, without additional evidence, these would afford but incomplete proof of a claim. In *Hooper* v. *Taylor*, 39 Maine, 224, a book similar to the one here in question in omitting the weight and quantity of articles was admitted with but little discussion.

There would seem to be no reason why a delivery of specific articles might not be shown by a book of accounts, even if more evidence were needed to show the amount which the plaintiff was entitled to recover. It is easy to imagine many facts in connection with which such charges might be very important. We have no reason to suppose more weight was given to them than that to which they were fairly entitled, and we must presume that the book was submitted to the jury under all proper instructions.                     *Exceptions overruled.*