## MICHAEL RILEY, JR. *vs.* MAX S. BOEHM.

Bristol.　October 27, 1896. — November 24, 1896.

Present: HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Money had and received — Memorandum Book — Evidence.*

The mere fact that an entry in a book is made contemporaneously with the transaction which it purports to record does not of itself entitle it to admission as a piece of substantive evidence in an action. It must also appear to have been made in the regular course of business, under such circumstances as to import trustworthiness; and it is for the judge to say, in the first instance, whether the record is of such a character; and his decision will not be interfered with unless clearly wrong.

It cannot be said that the judge presiding at the trial of an action for money had and received was not justified in holding that the character of a small book, such as is usually carried in a side pocket, and used for making memoranda in regard to any matter which for any reason the defendant desired to note, gave it no standing as a piece of substantive evidence; and if it is offered by the defendant to show, from the absence of an entry, that the money was not paid as the plaintiff testified that it was, it is properly excluded.

In an action for money had and received, two letters, one by the firm of which the defendant was a member to the plaintiff, and the other from the defendant to his partners, each containing no reference to the subject matter of the suit, and the second mentioning the payment by the plaintiff of a sum other than that sued for, are inadmissible in evidence.

At the trial of an action for money had and received, A. testified that he saw the plaintiff give the defendant some money on a certain day; and that he remembered the date because he worked part of that day for B. The defendant offered evidence to prove that, on another day, when A. was present, the plaintiff gave him a certain sum for a check. *Held*, that evidence of B. that A. worked for him part of the day named by A. was admissible to corroborate the latter.

CONTRACT, for money had and received. Trial in the Superior Court, before *Bishop*, J., who allowed a bill of exceptions, in substance as follows.

In April, 1894, the plaintiff, who was a retail liquor dealer in Fall River, borrowed $400 from the defendant, and gave therefor his promissory note payable three months after date at the B. M. C. Durfee Safe Deposit and Trust Company. The note was discounted by the defendant at the First National Bank, and at its maturity, July 23, 1894, was paid at the B. M. C. Durfee Safe Deposit and Trust Company, where the plaintiff had a deposit, by charging it up to the plaintiff's account. The two banks did business in the same rooms, and over the same counters, in Fall River.

The plaintiff testified that on July 18, 1894, a few days before the note matured, he gave the defendant $400 in cash to pay the note, which was then, as both knew, in the bank; that the defendant agreed to take the note out of the bank; that at the same time he gave the defendant a check for $735 as full payment for liquors sold to date; that the defendant did not take up the note; and that the plaintiff took a receipt for the $735, but not for the $400. This action was brought to recover the latter sum.

The plaintiff further testified that he did not know that the note had been paid by charging it off to his account until he saw his book after it was balanced on October 1, 1894; that he was sick in August and September, and his book was not balanced from the time he gave the defendant the $400 until October; and that he was not personally at the bank during that time. It was also in evidence that the defendant was in Europe in September and October.

The plaintiff also testified that he did not speak to the defendant about not taking up the note until he met him about November 15, the first time after the plaintiff knew that the note had not been taken up.

The defendant, who was a wholesale liquor dealer in New York and a member of the firm of S. C. Boehm and Company, consisting of the defendant, his brother and father, denied that he had been paid the $400 in cash. To show that no claim had ever been made prior to November, 1894, the defendant testified that, after the maturity of the note, the plaintiff had in August and September paid him considerable sums of money for goods sold, and had made no claim of any payment of $400. The defendant also offered in evidence letters written by the plaintiff, and answers of the defendant and of the firm thereto, to show that no payment of $400 or any over payment of the note or account had ever been alluded to by the plaintiff or the defendant, or by the firm, prior to November, 1894, one of which letters related to another note for $125; but nothing was said in any of the letters of any trouble about the note for $400. All the letters were read in evidence, without objection on the part of the plaintiff.

Another letter written by the firm to the plaintiff, dated October 3, 1894, and making no reference to the $400, was offered by the defendant, and, upon the plaintiff's objection, was excluded; and the defendant excepted. The plaintiff did not contend that the defendant or his firm made any allusion to the payment of the $400, or any over payment prior to November, 1894.

The defendant also testified, among other things, as follows:

" *Q.* Did you make any memorandum on the 18th of July as to what took place, so far as the payment of any business transaction between you and the plaintiff? *A.* Yes, sir.

" *Q.* Made at the time? *A.* Yes, sir.

" *Q.* Have you that memorandum before you? *A.* I have.

" *Q.* Won't you turn to it? [Witness did so.]

" *Q.* Is that the memorandum?

" *Q.* Whether that was made in the usual course of business? *A.* It was.

" *Q.* Under what circumstances was this memorandum made? *A.* At time of issuance of check by the plaintiff.

" *Q.* Where and how did you happen to make it? *A.* Invariably, when a customer pays me, I make a memorandum then and there in the small order and account book I carry with me.

" *Q.* With every customer? *A.* With every customer without exception."

This book was then shown to the counsel for the plaintiff, who objected to its being offered in evidence, but did not object to its being used to refresh the witness's memory.

The book was examined by the judge, who ruled that it might be used by the defendant to refresh his memory, but refused to admit it in evidence, on the ground that it was not in its nature a book of entries kept in a shop or store, but was a personal pocket memorandum book, kept in such manner as to be capable of easy manipulation, and was not a book kept " in the regular course of business," within the meaning of the law.

The defendant, to prove his statement as to the amount which he received from the plaintiff, offered in evidence a letter written by the defendant to his father and brother, which contained this sentence: " Collected as follows : M. Riley, Jr., $735 (in full)." The judge, upon the plaintiff's objection, refused to admit it as substantive evidence ; and the defendant excepted.

The plaintiff, to prove that the $400 was paid by him to the defendant, produced as a witness one Paquin, who testified that on July 18, 1894, he saw the plaintiff give the defendant some money, but did not know the amount ; and that he recalled the date, because he worked part of that day for James Murphy and Mrs. Robinson, and left them and went to the plaintiff's store.

The defendant admitted, and offered evidence to prove, that on May 11, 1894, the plaintiff gave him $379 in money for a check, and contended that it was this money, if any, that Paquin, who was present at that time, saw the plaintiff pay.

To confirm Paquin's testimony that he worked for James Murphy and Mrs. Robinson part of July 18, and was absent part of the day, the plaintiff introduced as a witness James Murphy, who testified that Paquin, on July 18, worked part of the day, five and one half hours, for the witness and Mrs. Robinson ; and that he could not tell just how much of the time he was absent, but thought it was four or five hours. To the admission of this testimony the defendant excepted.

The jury returned a verdict for the plaintiff ; and the defendant alleged exceptions.

*G. Grime,* for the defendant.

*J. W. Cummings,* (*E. Higginson & C. R. Cummings* with him,) for the plaintiff.

MORTON, J. The mere fact that an entry in a book is made contemporaneously with the transaction which it purports to record does not of itself entitle it to admission as a piece of substantive evidence. It must also appear to have been made in the regular course of business, under such circumstances as to import trustworthiness. *Donovan* v. *Boston & Maine Railroad,* 158 Mass. 450.

It is for the presiding justice to say, in the first instance, whether the record is of such a character, and his decision will not be interfered with unless clearly wrong. *Cogswell* v. *Dolliver,* 2 Mass. 217, 222. *Hawks* v. *Charlemont,* 110 Mass. 110. *Commonwealth* v. *Coe,* 115 Mass. 481, 504, 505. *Commonwealth* v. *Morgan,* 159 Mass. 375. 1 Greenl. Ev. § 118, note 1. In the present case the entry which was relied on was contained in a small book, such as is usually carried in a vest or side pocket, and was used for making memoranda in regard to any matter which for any reason the defendant desired to note. We cannot say that the court was not justified in holding that the character of the book gave it no standing. Moreover, the book was offered, not as containing an entry relating to the cash in question, but as showing from the absence of an entry that the money was not paid as the plaintiff said that it was. That is, the argument was, that if the defendant had received the money he would have entered it in the book, and because there was no entry he did not receive it. This was inadmissible. *Morse* v. *Potter,* 4 Gray, 292.

Neither of the two letters which were offered by the defendant and excluded was competent. The first was by the firm of which the defendant was a member to the plaintiff, and contained no reference to the subject matter of the suit. It is difficult to conceive on what ground it was offered and the defendant has not argued that it was admissible. The other letter was from the defendant to his partners, and also contained no reference to the subject matter of the suit. It was entirely *res inter alios.*

If the testimony of Murphy was incompetent, as the defendant

contends, it did him no harm.  But we think that it was admissible to corroborate Paquin.  It tended to fix the date, which was in dispute, when Paquin said the plaintiff gave the defendant money.                              *Exceptions overruled.*