MARTHA R. WILCOX *vs.* JAMES DOWNING ET AL.

Second Judicial District, Norwich, April Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

An application to rectify an appeal under General Statutes, § 801, the allegations of which are controverted by the answer of the opposing party under oath, will be denied, unless further proof than the affidavit of the applicant's counsel is furnished in support of the application.

An alleged memorandum or account-book, offered in evidence as tending to prove a sale and delivery of certain articles of merchandise, may properly be excluded, where either its condition or the evidence relating to it reasonably creates a suspicion that it is not a true record of what it purports to be. To render such a book admissible it must appear to have been honestly kept, to be free from intentional erasures or alterations, to be an account of the owner's daily business, and to have been made for the purpose of establishing a charge against another.

In the present case the book offered in evidence contained memoranda

of some accounts and other matters, but not in regular chronological order, many of its pages had been torn out, and its appearance did not indicate that it was a book in which were regularly-kept accounts of its owner, or that it was kept in the regular course of his business. *Held* that under these circumstances it could not be said that the trial court was not justified in excluding the book.

The assignee of a chose in action who sues thereon, is bound to allege and, upon denial of that allegation, to prove that he is the actual, bona fide owner thereof; that is, that he is the real, genuine, honest owner, and not a feigned one.

Upon such an issue it is competent for the defendant to inquire into the financial relations and transactions between the assignor and assignee, and also into the circumstances bearing upon the motive of the assignor in making the alleged assignment.

As tending to prove the fraudulent nature of the alleged assignment in the present case, the defendants were allowed to prove by record evidence that they had obtained a judgment for $500, which was still unsatisfied, against the assignor shortly before he made the pretended transfer to his wife, the present plaintiff, and also the dates of the various steps in that litigation. *Held* that the evidence was properly admitted for that purpose.

Where fraud is imputed considerable latitude must be allowed in the admission of evidence.

A prior statement of a witness, whether oral or written, which is inconsistent with or contradictory to his present testimony, is admissible to affect his credibility; and such statement is none the less admissible because contained in a pleading. Such admissions must, however, be taken in connection with all the other allegations of the plea, and their weight determined by the trier by the same method that is used to test the weight of other evidence offered on the trial.

The plaintiff contended that the jury were not properly instructed as to the effect of the alleged admissions, nor as to the application they were to make of the judgment-file and execution in the former suit of the defendants against the plaintiff's assignor. *Held* that there was no merit in this contention; that the instructions given presented the issues in a plain, concise and accurate manner, and correctly and adequately stated the law applicable thereto.

Argued April 29th—decided July 13th, 1914.

ACTION to recover the value of certain wood and lumber alleged to have been cut and converted by the defendants, also the agreed price of a boiler and engine sold to them, brought, by an assignee of the claims, to the Court of Common Pleas in New London County

and tried to the jury before *Waller, J.;* verdict and judgment for the defendants, and appeal by the plaintiff. *No error.*

*William H. Shields* and *Telley E. Babcock,* for the appellant (plaintiff).

*Edmund W. Perkins,* for the appellees (defendants).

Roraback, J. The complaint in this action contained two counts. In the first count the plaintiff sought to recover upon an express agreement that Calvin Wilcox, her assignor, should have one half the value of timber cut on his land and sold by the defendants. The second count was for an alleged sale of a steam boiler and its appurtenances. Both counts contained an allegation that the plaintiff, for a valuable consideration, was the actual, bona fide owner of the claims above set forth. These allegations were denied in the answer.

There was an application to rectify the appeal, made by the plaintiff and supported by an affidavit in conformity with the rules of the Supreme Court of Errors. Practice Book (1908) p. 270, § 14. This application contained two separate paragraphs. Paragraph one contained a purported transcript of testimony which the plaintiff alleged was given upon the trial of the case. The defendants' counsel filed an answer, under oath, to the application to rectify. This answer, as to paragraph one of the application, in substance denied that the transcript of testimony was correct. No depositions were offered in support of the application to rectify, and it is not clear from the printed record whether the plaintiff's claims for corrections are true or not.

Applications of this kind, where an answer has been filed, as in the present case, will be denied, unless

further proof than the affidavit of counsel is furnished. *Norman Printers Supply Co.* v. *Ford,* 77 Conn. 461, 469, 59 Atl. 499.

Paragraph two of this motion, relating to the rulings of the court as to the admissibility of an account-book of the plaintiff, is also denied for substantially the same reasons that are given as to paragraph one of the application.

The errors assigned relate either to rulings upon evidence or the refusal of the court to instruct the jury as requested.

The rejection of Calvin Wilcox's memorandum book was not erroneous. In support of her claim that Calvin Wilcox, the plaintiff's assignor, had sold and delivered the articles of merchandise to the defendants, as alleged in the second count of the plaintiff's complaint, Mr. Wilcox produced a book containing memoranda relating to the sale and delivery of these articles, which the defendants claimed were never sold to them. Calvin Wilcox was called as a witness, and testified that it was an account-book of his own; that all the daily transactions were entered in this book; and that this was the only account-book kept by him. Upon this question the trial court found that the book in question was a memorandum book about ten inches long, eight inches wide and three eighths of an inch thick, from which many pages had been torn. It contained memoranda of some accounts and other matters, but not in regular chronological order. The book itself did not indicate that it was a book in which were regularly-kept accounts of the witness, or that it was kept in the regular course of his business.

It is for the presiding judge to say, in the first instance, whether entries in an account-book are of such a character as to render it admissible, and his decision will not be interfered with unless clearly wrong. *Riley* v.

*Boehm*, 167 Mass. 183, 187, 45 N. E. 84. As a general rule, when a book of accounts shows that it is not properly kept within the requirements of the rule, it is within the power of the court to reject it. *Pratt* v. *White*, 132 Mass. 477, 478. To a certain extent the basis of a ruling of the trial judge as to the admission of an account-book may consist of facts gained by his personal examination. *Riley* v. *Boehm*, 167 Mass. 183, 186, 187, 45 N. E. 84. The trial court may exclude an account-book where either the condition or appearance of the book itself, or the evidence respecting it, reasonably creates a suspicion that it is not a true record of what it purports to be. It must appear to have been honestly kept, and not intentionally erased or altered, and to have been an account of the daily business of the party, and made for the purpose of establishing a charge against another. *Pratt* v. *White*, 132 Mass. 477, 478; *McNulty's Appeal*, 135 Pa. St. 210, 19 Atl. 936. Mutilation of a portion of a book, material to the inquiry, may prevent its admissibility, unless satisfactorily explained. *Crane* v. *Brewer*, 73 N. J. Eq. 558, 68 Atl. 78; 4 Chamberlayne on Evidence, §§ 3051–3149. We cannot say that the court below was not justified in the rejection of the book.

It is asserted now, and was unsuccessfully asserted in the court below, that under the general issue pleaded by the defendants they could not show that the assignment was not made in good faith.

This reason is insufficient. In her complaint the plaintiff alleges that she is the actual and bona fide holder and owner of the choses in action upon which she bases her claim. The burden of proof was upon her to sustain this allegation that she was the owner in her own right, for her own benefit, the genuine, honest owner, and not a feigned one. *Uncas Paper Co.* v. *Corbin*, 75 Conn. 675, 677, 55 Atl. 165.

The reasons of appeal present in various forms the right of the defendants to inquire into the financial relations and transactions between Calvin Wilcox and Martha, the plaintiff, and also as to the circumstances relating to the motive for this assignment.

It was conceded that Calvin Wilcox and the plaintiff have for many years been husband and wife. On March 9th, 1911, the defendants recovered a judgment of $500 against Calvin in the Court of Common Pleas in New London county. He appealed from this judgment to the Supreme Court of Errors, which court affirmed the judgment of the Court of Common Pleas, June 15th, 1911. On the day that the written opinion of the Supreme Court was received by the clerk of the Court of Common Pleas, Calvin assigned the claims in controversy to his wife, the plaintiff in this action. The defendants deny that there is any foundation for the claims so assigned, and also contend that this assignment was not made in good faith, but was made for the purpose of defrauding them.

The latter question was one of the controlling issues for the consideration of the jury. Upon questions of good faith or intent, any other transactions from which any inference respecting the *quo animo* may be drawn are admissible; and where fraud is imputed, considerable latitude must be allowed in the admission of evidence. *Hoxie* v. *Home Ins. Co.*, 32 Conn. 21, 37. The scope of the inquiry, when fraud is under investigation, may be a very broad one, and the inquiry, in some instances, may extend over a wide field. It should not be limited, as it must be in an action by a creditor to recover his debt from his debtor. *Loos* v. *Wilkinson*, 110 N. Y. 195, 213, 18 N. E. 99.

The defendants, against the objection of the plaintiff, were permitted to put in evidence the judgment-file in the suit of the defendants against Calvin Wilcox; the

execution on the judgment in the case just referred to; the date that the defendants commenced their action against Calvin Wilcox, with the date of the verdict rendered therein; the appeal in this action by Calvin Wilcox to the Supreme Court of Errors, and the fact that he procured a record of the case.

This evidence was competent as against Calvin Wilcox, whom it was material for the defendants to show had made an assignment of these claims for the purpose of defrauding them, and, being competent against him, it could not be rejected by the court. The testimony was also competent as against the plaintiff in this connection, as showing under what circumstances she had received an assignment of the claims from her husband, which she now alleges and insists were made to her in good faith. Frauds upon the assignment, either by the assignor or assignee, do not necessarily avoid the assignment, but they may be considered in determining whether there was any fraud in the assignment, and sometimes furnish convincing evidence upon that point. *Loos* v. *Wilkinson*, 110 N. Y. 195, 210, 18 N. E. 99. A creditor assailing a transfer of property as fraudulent may succeed by simply showing a fraudulent intent on the part of the vendor or on the part of the vendee; but if the vendee shows that he paid a valuable consideration for the property transferred to him, there must be proof also of a fraudulent intent on the part of the vendee, or that he had notice of the vendor's fraudulent intent. *Starin* v. *Kelly*, 88 N. Y. 419, 421.

The defendants offered in evidence the third defense of the answer and counterclaim in the case of the Downings against Calvin Wilcox, hereinbefore referred to. This was offered and received by the court as an admission by Calvin Wilcox, inconsistent and contradictory to his testimony as a witness for the plaintiff

as to the merits of her claim described in the first count of her complaint. For these purposes this evidence was admissible. Declarations of this class are admissions, and may be used by the opposing party. *Connecticut Hospital for Insane* v. *Brookfield*, 69 Conn. 1, 36 Atl. 1017. There is no reason why the allegations of a verified pleading, even if not conclusive against the pleader, should not be treated as admissions against the person or persons making them, the same as if made orally, or in any document or proceeding. The admissions in a pleading must be taken in connection with all the allegations thereof, and the weight to be given to admissions which are not in themselves conclusive against the pleader is to be determined by the court or jury, the same as other evidence offered on the trial. *Talbot* v. *Laubheim*, 188 N. Y. 421, 424, 81 N. E. 163.

The jury were properly instructed upon this subject when they were informed that: "There has been considerable evidence received on this trial, gentlemen, which is of value only as affecting the credibility of the witness Wilcox and the defendants. The pleading called the answer or counterclaim, filed by Calvin Wilcox in the prior case of Downing Brothers, the present defendants, against Calvin Wilcox, was received simply as a claimed contradictory statement on the part of Wilcox, and as a statement inconsistent with statements made by him in his testimony in this trial in relation to the same subject-matters. Whether there is an inconsistency in these statements, or whether it has been satisfactorily explained, are questions for you to consider in weighing the testimony of this witness. If you should believe that there is a contradiction between the testimony given on this trial and the statements contained in this pleading referred to, you will give no more weight to that statement in the pleading than you would if the same inconsistent statement had been

made in conversation. In other words, because it is found in the pleading in the prior case, that of itself gives it no particular weight as evidence. It is simply one of the facts to be considered with all the other facts in evidence before you, bearing upon the degree of credibility you will attach to the testimony of that witness."

The appellant has brought to our attention a number of other alleged errors as to the admission of evidence which are not important enough to demand extended examination. It is sufficient to say of them that they have been carefully considered, and that none of them point out error prejudicial to the plaintiff.

The plaintiff contends that the court erred in failing to instruct the jury as to the application that they were to make of the judgment-file and execution in the former suit of Downing Brothers against Calvin Wilcox, that were laid in evidence by the defendants. In this connection the court correctly instructed the jury that: "Whether this was a simple coincidence or whether it was an arrangement designed by Wilcox and his wife is for you to determine, and in fact, this occurrence, together with all the other circumstances in evidence bearing upon the situation of Wilcox and his wife are to be considered by you in connection with the other facts in evidence concerning the transfer of these claims, in determining whether the plaintiff, Martha Wilcox, is the honest, bona fide owner of these claims. If you should determine from the evidence that the plaintiff, Martha Wilcox, is not the real, genuine, honest owner of these claims, that is, owner in her own right and for her own benefit, but that she is simply the make-believe-owner for the purpose of this present action, and that she is accountable to her husband, Calvin Wilcox, for these claims, then she is not entitled to recover in this action, irrespective of the merits of the

two claims. Unless you are satisfied by a fair preponderance of the evidence that the plaintiff acquired these claims for a real consideration, that she is the real, genuine, honest owner of these claims and not accountable to any one, then your verdict should be for the defendants. If you find that the plaintiff has established proper ownership of these claims, then you would properly consider the merit of the claims themselves in accordance with the instructions I have before given you, and return such a verdict as you believe is warranted by the evidence in accordance with the charge I have given you."

We have read the entire charge with care, and are unable to agree with the contention of the plaintiff, that "it was not correct in law, was not adapted to the issues in the case and to the claims of the plaintiff, and was not sufficient for the guidance of the jury." The record discloses that the instructions given presented the issues in a plain, concise and accurate manner. The law adapted to these issues was correctly stated and was sufficient for the guidance of the jury.

There is no error.

In this opinion the other judges concurred.