## L. J. BROSIUS & CO. v. FIRST NAT. BANK OF NOBLE.

No. 5041—Opinion Filed June 13, 1916.
Rehearing Denied July 11, 1916. Motion for Leave to File Second Petition for Rehearing Denied May 15, 1917.

(174 Pac. 269.)

1. **Banks and Banking—Action for Deposit —Erroneous Entry in Passbook—Burden of Proof.**
Where an entry upon a passbook of a bank is admitted to have been made by the cashier of the bank, and it is claimed, in an action to recover such deposit, that such entry is an error, the burden is upon the bank to show, by a preponderance of the evidence, that such entry was an error; but where such passbook is balanced correcting such entry, and the depositor, after the corrected passbook is returned to him, fails for a considerable time to make objection to such correction, the

burden is upon the depositor to show that such deposit was made and the correction erroneous.

2. **Same—Documentary Evidence—Admissibility.**
Books and deposit slips, where the same contain no reference to such transaction, are incompetent to show that a deposit entered upon a customer's passbook by an officer or agent of the bank was not in fact made.

3. **Evidence — Admissibility — Similar Matters.**
Where a defense to an action against a bank to recover an amount entered by it on a passbook of its customer is interposed, predicated upon the correctness of the records of the bank and manner of doing business by it, it is competent for the plaintiff to show errors made by the defendant in regard to deposits affecting other parties.

(Syllabus by Collier, C.)

Error from County Court, Cleveland County; F. B. Swank, Judge.

Action by Lewis J. Brosius and E. Brosius, a corporation doing business under the firm name of L. J. Brosius & Co., against the First National Bank of Noble. Judgment for defendant, motion for new trial overruled, and plaintiffs bring error. Affirmed.

Ben F. Williams, for plaintiffs in error. J. B. Dudley and R. E. Gish, for defendant in error.

Opinion by COLLIER, C. This is an action brought by plaintiffs in error against defendant in error to recover a bank deposit in the sum of $170. Hereinafter the parties will be designated as they were in the trial court.

The material evidence shows that plaintiffs were customers of defendant, and one of plaintiffs testified that on the 29th day of April, 1911, and also on the 1st day of May, 1911, he, acting for said copartnership, deposited on each of said days with said defendant the sum of $170. The passbook of plaintiffs was introduced in evidence, and on the credit side thereof was entered each of said claimed deposits, and through the deposit made on April 29th a red line was drawn. It was further shown by the evidence that plaintiffs drew a check for said sum of $170 upon defendant, which was refused, upon the ground that said deposit of $170 shown by said passbook to have been made by plaintiffs on April 29, 1911, was an error. It was admitted by defendant that:

"According to plaintiffs' passbook, they made a deposit in said bank of $170 on April 29, 1911, and also $170 on May 1, 1911, but that the deposits as shown in said passbook were not in fact made; that said deposit of

April 29, 1911, shown by said passbook, was an error."

There was also evidence that after the said deposit of April 29, 1911, had been erased from the passbook, said passbook had been balanced and delivered to the plaintiffs, and the evidence was in conflict that this erasure from said passbook had been called to the attention of the plaintiffs at the time it was made, and that thereafter the plaintiffs continued to do business with the bank.

The president, the cashier, and the former cashier of the defendant each testified that he had no personal recollection of the transaction. Against the objection and exception of plaintiffs, the books and deposit slips of the bank were introduced in evidence, and said president and the cashiers testified that said books did not anywhere show that said deposit of $170 of April 29th was made; and that the cash of the bank on the night of April 29, 1911, balanced to a cent. It was further shown in evidence that the cashier who made the entry of the deposit on said passbook of April 29, 1911, of $170, was not the cashier who red-inked out said deposit in said passbook; that the said cashier who made said entry on said passbook had been superseded by another cashier; and that the succeeding cashier discovered that the books of the bank did not show such deposit, and hence the same, on August 28, 1911, was erased from said passbook by running a red line through it. On cross-examination of the president of defendant, he was asked by plaintiffs: "This is not the first error that has occurred in your bank, is it? " To which said question defendant objected, which objection was sustained by the court and duly excepted to by plaintiffs.

The case was tried to the court, and judgment was rendered for defendant. Within the time prescribed by law, plaintiffs filed a motion for new trial, which was overruled and duly excepted to. To reverse the judgment rendered, this appeal is prosecuted.

The defendant offered in evidence the books of the bank and their manner of keeping accounts. Therefore plaintiffs certainly had a right to show, if they could, that other errors had occurred in the keeping of said books; and we think that the court committed error in sustaining the objections to said question.

"Not only is the adversary entitled to attack the character for truth and veracity of the party offering the books in evidence, but he may also show inaccuracies in respect to entries therein or give evidence of facts or circumstances which tend to show that the book is not fairly and honestly kept as a record of daily transactions in the regular routine of business. * * *" Chamberlayne's Modern Law of Evidence, sec. 3148, and cases cited.

The books of account and the deposit slips were erroneously admitted in evidence. It is true that books may be admitted as to a transaction entered therein, but only as to matters which positively appear upon them. "A party's books are never evidence of a negative character." Mattocks v. Lyman, 18 Vt. 98, 46 Am. Dec. 138; Morse v. Potter, 4 Gray (Mass.) 292; Lawhorn v. Carter, 11 Bush (Ky.) 7; Schwarze v. Roessler, 40 Ill. App. 474; Riley v. Boehm, 167 Mass. 183, 45 N. E. 84; Kerns v. McKean, 76 Cal. 87, 18 Pac. 122.

The evidence being in conflict as to the time that knowledge of the claimed error came to the attention of the plaintiffs, and as to the acquiescence of the plaintiff that such entry was an error, the fact that the plaintiffs without requesting defendant to correct such erasure of the deposit of $170, shown by their passbook, continued for several months after the passbook had been balanced and returned to plaintiffs, showing such erasure of said $170, without demanding that such so-called error be corrected, was evidence tending to show that the plaintiff acquiesced in the claim of the defendants that the said entry of April 29, 1911, upon the passbook of the plaintiffs was an error, and when coupled with the evidence of the officers of the bank, though such evidence was in conflict with that of the plaintiffs, that the plaintiffs did deposit on April 29, 1911, the sum of $170 shown upon said passbook, and which had been "red-lined," there was in our opinion evidence reasonably tending to support the judgment rendered.

"It is a well-settled general rule that an account which has been rendered, and to which no objection has been made within a reasonable time, is to be regarded as admitted by the party charged as prima facie correct and becomes an account stated. * * *" Section 161, 3 R. C. L.

"One effect of the failure of a depositor to examine his passbook and vouchers and notify the bank of any irregularities therein is that, after the lapse of a reasonable time, the account between the bank and the depositor as contained in the passbook becomes an account stated, and in an action involving the validity of the vouchers the burden of proof does not rest upon the bank to establish their validity; it being incumbent upon the depositor to prove their invalidity." 3 R. C. L., sec. 167.

Under the well-settled rule of this jurisdiction, the burden is upon the plaintiffs to show that there was no evidence reasonably tending to support the judgment of the trial court, and this burden they have not dis-

charged. Miller v. Severs, 42 Okla. 379, 141 Pac. 965.

Under the view we take of the case, while the admission of the books and deposit slips were errors, and it was error to deny the right of the plaintiffs to show errors made by the bank in regard to deposits affecting other parties, such errors, in our opinion, ought not to work a reversal of this cause. Section 6005, Rev. Laws 1910.

This cause should be affirmed.

By the Court: It is so ordered.