ANTONINO CALI & another *vs.* VINCENZO CALIRI.
VINCENZO CALIRI & another *vs.* ANTONINO CALI & another.

Essex. January 19, 1926. — January 26, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Pleading and Practice,* Decree; Master: findings of fact. *Evidence,* Competency, Book accounts. *Partnership.*

It is proper practice for cross suits between partners, both seeking the true state of partnership accounts, to be heard together by the same master, for the master to file a single report covering both suits, and for the suits then to be consolidated and a single final decree entered.

At the hearing by a master of a suit for a partnership accounting, it is proper to exclude a paper upon which a daughter of one of the partners had written down items received by her on the telephone from her brother, employed by the partnership, which related to goods taken by one of the partners, where it appeared that the brother testified as a witness and was permitted to use the paper to refresh his recollection.

Exceptions relating to findings of fact by a master in a suit in equity properly are overruled in the absence of a report of all the evidence, if the report discloses no inconsistencies nor inaccuracies as to such findings.

If, after a hearing on exceptions to the report of a master who had heard a suit in equity, the judge is of opinion that the exceptions should be overruled and the report confirmed, it is appropriate equity practice to cause an interlocutory decree to be entered to that effect. In this

suit no such interlocutory decree was entered and the final decree contained no such provision; but, it appearing that the final decree could not have been entered if the judge had not been of opinion that the exceptions should be overruled and the report confirmed, it *was ordered* that the final decree be modified by including therein a clause overruling the exceptions to the master's report and confirming the report.

CROSS SUITS IN EQUITY, filed in the Superior Court on December 4, 1922, between Antonino Cali and Gregorio Voci on the one hand and Vincenzo Caliri and Guiseppe Caliri on the other hand for an accounting as to a partnership in which the four were engaged.

In the Superior Court, the suits were referred to a master by whom they were heard together. Material facts are described in the opinion. Antonino Cali and Gregorio Voci filed objections and exceptions to the report which are described in the opinion. The suit was heard on the master's report by *Macleod*, J., by whose order there was entered a final decree ordering Antonino Cali to pay to Vincenzo Caliri $1,561.12; to Guiseppe Caliri, $1,126.12; to Gregorio Voci $276.13; and interest on the sums due Vincenzo Caliri and Guiseppe Caliri from the day of the filing of their bill; and that executions issue for the said several sums together with costs taxed to the said Vincenzo Caliri and Guiseppe Caliri, plaintiffs, each in the sum of $32.60. Cali and Voci appealed.

The case was submitted on a brief by

*J. C. Campopiano*, for Cali and Voci.

No argument nor brief for the Caliris.

RUGG, C.J. These are suits in equity for an accounting among its members of the affairs of a partnership, which has been terminated. The partnership bought grapes by the carload and sold them in smaller quantities. The members of the firm most actively engaged in its business were not able to read and write to any extent and could not and did not keep books of account. The cases were referred to a master who made a single report covering both suits. The cases also were consolidated and a single final decree entered. This was correct practice because both related to a single matter, namely, the true state of partnership accounts. *Lumiansky* v. *Tessier*, 213 Mass. 182, 189.

The master's report shows that a son of one of the partners

testified that he worked for the firm on certain days in the absence of his father; that Vincenzo Caliri, one of the other partners, gave him a book in which to keep the partnership record of sales; that he kept "on the sly" in the back of this book, which was destroyed more than a year before the hearings, a record of the goods taken for or by Vincenzo Caliri and telephoned the record so kept to his sister, who wrote the information thus conveyed on a paper. This paper was offered as an account of the partnership, as a memorandum by the salesman, or for any other competent purpose. The salesman was allowed to use this paper to refresh his recollection, but it was not admitted in evidence. The contention that it was competent as a book account cannot be supported. It was not a system of book accounts. It was not kept in such way and under circumstances to require an inference of authenticity and accuracy. Its exclusion rests upon the principle of several adjudications. *Riley* v. *Boehm*, 167 Mass. 183. *Kaplan* v. *Gross*, 223 Mass. 152. *Rhoades* v. *New York Central & Hudson River Railroad*, 227 Mass. 138. *Dorr* v. *Massachusetts Title Ins. Co.* 238 Mass. 490, 496. G. L. c. 233, § 78.

The other exceptions relate to findings of fact made by the master. There are no inconsistencies or inaccuracies on the face of the report. The evidence not being reported, these findings must stand. *Smith* v. *Lloyd*, 224 Mass. 173.

There was no interlocutory decree overruling the exceptions to and confirming the master's report. Preferable equity practice required such an interlocutory decree. There was no clause to this effect in the final decree. The final decree shows by its terms that it could not have been entered except after a determination overruling the exceptions to and confirming the master's report. It follows from what has been said that all exceptions to the master's report ought to be overruled and the report confirmed. The final decree is to be amended by the insertion of a clause to the effect that exceptions to the master's report are overruled and the report confirmed. It is to be modified so as to include the costs of appeal: as thus amended and modified it is affirmed.

*Ordered accordingly.*