Rockingham, }
Dec. 3, 1935. }

MARTHA Y. WILLIAMS *v.* GEORGE F. WILLIAMS.

CHARLES L. MITCHELL *v.* SAME.

*William H. Sleeper* (by brief and orally), for the plaintiffs.

*Devine & Tobin* (*Mr. Devine* orally), for the defendant.

BRANCH, J. The injuries for which the plaintiff Williams sought to recover, as described by the attending physician, "consisted of multiple bruises of the legs and thighs, pain and stiffness in the right thumb and extensive lacerated wound of the scalp." "The most noticeable bruises on the legs" were "in the region of the knees."

Just before the evidence was closed, the defendant offered in evidence the official hospital record of Mary Williams, "for the purpose of showing that she made no complaint about her knee at the hospital." This evidence was excluded and the defendant excepted.

Although a liberal rule in regard to the admissibility of entries made in the regular course of business prevails in this jurisdiction, (*St. Louis* v. *Railroad*, 83 N. H. 538; *State* v. *Roach*, 82 N. H. 189, 192; *Roberts* v. *Company*, 78 N. H. 491) some proof of correctness is required before such entries can properly be submitted to a jury. *St. Louis* v. *Railroad, supra; Mason* v. *Railway*, 79 N. H. 300, 303. Ordinarily verification of the authenticity, regularity and correctness of such records by "the official having them in charge" (*State* v. *Roach, supra*, 192) would be the minimum of acceptable proof, but whether a record of this kind is sufficiently verified to justify its admission is a preliminary question of fact for the trial judge to pass upon. "No doubt much should be left to the discretion of the trial Court; production [of witnesses having personal knowledge of the facts] may be required for cross-examination, where the nature of the controversy seems to require it." 3 Wig., Ev. (2d *ed.*) *s.* 1530. The proceedings in the present instance lend importance to the

qualification above quoted, since one of the grounds of objection to the admission of this record stated by plaintiff's counsel was that he desired an opportunity to recall the attending physician, presumably for the purpose of inquiring as to the completeness and accuracy of the statements contained therein.

"The question of the fullfillment of the requirement of regularity presented a question in the first instance for the trial court. 3 Wig., Ev. s. 1525; *Pratt* v. *White*, 132 Mass. 477, 478; *Dow* v. *Sawyer*, 29 Me. 117, 119; *Wheeler* v. *Walker*, 45 N. H. 355, 360. If there was evidence tending to support it the conclusion of the trial justice 'will not be interfered with unless clearly wrong' *Wilcox* v. *Downing*, 88 Conn. 368; *Riley* v. *Boehm*, 167 Mass. 183 and cases cited." *Lebrun* v. *Railroad*, 83 N. H. 293, 300.

In the present case the state of the proof at the time when the record was excluded justified the ruling of the presiding justice. The offered documents were produced by a nurse who stated that she did not have the custody of the official records of the hospital except "in the absence of the superintendent." Although the absence of the superintendent was not explained, the nurse's statement that she had with her "the official hospital record of Mary Williams" might properly have been accepted as sufficient proof of the authenticity of the record. She disclosed no knowledge, however, as to the system or method in accordance with which the hospital records were kept; as to the identity of the persons who made the record in question; or their duties with respect to the recording of facts therein. In short, "No one testified the record was correct." *Mason* v. *Railway*, 79 N. H. 300, 303.

The record was offered solely as the basis for a negative inference, namely, that the plaintiff "made no complaint about her knee at the hospital," because no such complaints were recorded. The authorities differ. as to the propriety of permitting such an inference to be drawn from the absence of entries in a record of this kind. 4 Chamb., Ev. s. 2896 and cases cited. See also *People* v. *Kemp*, 76 Mich. 410; *Louisville Ry. Co.* v. *Kritzky*, 162 Ky. 652; *Riley* v. *Boehm*, 167 Mass. 183. We need not pass definitely upon the question at this time, since the presiding justice may properly have concluded that the record was valueless for the purpose for which it was offered, in the absence of evidence that it was the duty of nurses or others in attendance upon the plaintiff to record such complaints, if made.

During the cross-examination of the plaintiff Mitchell, he was twice questioned specifically with reference to interrogatories and

answers in his deposition taken before trial. Upon five other occasions he was asked whether he made certain statements, without specific reference to the deposition, although a reading of the record strongly suggests that the alleged statements were also quoted therefrom. Upon redirect examination, plaintiff's counsel called attention to three other questions and answers in the deposition which were plainly calculated to explain the cross-examination. This use of the deposition was proper. *Robinson* v. *Company*, 79 N. H. 398, 400; *Whitman* v. *Morey*, 63 N. H. 448, 454.

In defending his use of the deposition, to which objection had been made, plaintiff's counsel stated to the court in the presence of the jury: "In connection with that, your Honor, I offer it partly because my Brother held the deposition in his hand when he was asking those questions." To this statement the defendant excepted. It is now argued that this was "a statement of a matter not in evidence." There is no merit in this contention. From an examination of the record the inference is almost irresistible that defendant's counsel in framing his questions read from a paper of some kind. The inference that it was in truth Mr. Mitchell's deposition is only a little less imperative, and in the absence of a denial this is assumed to be the fact. The statement of plaintiff's counsel was nothing more than a reference to an incident of the trial which transpired in the presence of the jury and of which they were fully cognizant. *Cote* v. *Company*, 86 N. H. 238, 242; *State* v. *Lajoie*, 84 N. H. 147.

There was no error in the allowance of the argument of plaintiff's counsel. His reference to the *ad damnum* in the writ was not improper. *Sanders* v. *Railroad*, 77 N. H. 381, 382. His statement that "her legs here were smashed right down there into that radiator" obviously had no reference to the radiator of the automobile but to a car heater which was described as looking "something like an automobile radiator" and was twice referred to thereafter by witnesses as a radiator.

*Judgments on the verdicts.*

All concurred.