## DRUMMOND v. CORBIN.

No. 27692.   Feb. 15, 1938.

Rehearing Denied March 29, 1938.

Hamilton & Howard, for plaintiff in error.

Brown Moore and Guy Horton, for defendant in error.

RILEY, J. The parties in this appeal are in the same relation as in the trial court. Plaintiff filed his petition on two causes of action declaring upon two promissory notes.

The first cause of action is based upon a promissory note dated January 28, 1928. It is in form a demand note payable to Alfred A Drummond for the sum of $2,-810.80, with interest at 10 per cent. from date, with a credit indorsed thereon of $250, as of 2/11/31. Thereon is indorsed: "Bal. Due A. A. Drummond on land settlement." The note is signed:

"Corbin Brothers
"by Carlton W. Corbin"
"Carlton W. Corbin,
"W. W. Corbin."

The note upon which the second cause of action is based is for $174, dated January 31, 1929, and is signed:

"Carlton Corbin by W. W. Corbin."

The action is against Carlton W. Corbin alone.

The petition is in ordinary form.

Defendant by amended answer made general denial, and in substance further alleged that for sometime prior to the date of the notes, plaintiff and defendant's father, W. W. Corbin, now deceased, were engaged in a partnership business of buying and selling cattle, and in some instances real estate; that due to the fact that W. W. Corbin was insolvent, said partnership business was by mutual agreement carried on in the name of Corbin Brothers, consisting of defendant and his younger brother, Murray Corbin. That this arrangement was with the consent of defendant and his brother; that it was also satisfactory and advantageous to plaintiff in that he was an officer of the First National Bank of Hominy, and he could thereby more easily obtain loans from said institution and other sources. He then alleged:

"This defendant alleges that at no time has he or his brother, Murray Corbin, ever had any interest in the said partnership of Corbin and Corbin, and that neither of them ever had authority to handle any of said partnership affairs, but at such time were both students in college.

"This defendant further alleges that when it became necessary for the partnership above referred to to negotiate loans to conduct said business, the plaintiff and this defendant's father would have this defendant execute notes in blank with his father, W. W. Corbin, and place them in the custody of the plaintiff, who, when it was necessary to raise such money, would complete the notes for the amounts needed, making the same payable to himself, and sell the notes, or place the same as collateral security for the money needed, and that as profits accrued in said partnership, said notes were supposed to be retired and destroyed.

"This defendant alleges that he has executed in blank, as aforesaid numerous notes, which he and his father entrusted to the possession of the plaintiff, and that each of them, in so far as relationship between he and the plaintiff was concerned, was without consideration and was merely an accommodation to the plaintiff above named and this defendant's father. That he never kept a definite account of the number of notes he signed in blank as aforesaid, but alleges that he has signed as many as six at a time in blank and entrusted the same

to the possession of the plaintiff above named as aforesaid. That this plaintiff has not seen the particular notes attached to plaintiff's petition as exhibits 'A' and 'B', and cannot definitely state whether or not the signature thereon is his own, and for such reason demands strict proof of the allegations in plaintiff's petition concerning his execution of said notes. He further alleges that if said notes do bear his signature the same were two of those signed in blank as aforesaid for which there was no consideration whatever as between plaintiff and this defendant, or as between the plaintiff and his father, and were delivered upon the expressed condition and for the expressed purpose of enabling plaintiff and this defendant's father to raise funds as hereinbefore described and not for the purpose of evidencing any indebtedness between plaintiff and this defendant."

Plaintiff replied by unverified general denial of new matter, and, "He admits, if admission be necessary, that defendant signed the notes in question."

The allegations of the existence of the partnership between plaintiff and defendant's father not having been denied under oath, the principal issue was whether said notes were executed by or in the name of defendant as a member of the so-called firm of Corbin Brothers (or Corbin & Corbin), or individually, and were accommodation notes executed for the sole benefit and accommodation of plaintiff and W. W. Corbin in their business affairs.

The evidence was conflicting, but the issue was presented to the jury under instructions not excepted to and stated by counsel for plaintiff to be fair and to fairly state the law.

Verdict was for defendant, and after overruling of motion for new trial and motion for judgment notwithstanding the verdict, judgment was entered on the verdict, and plaintiff appeals.

The first proposition presented goes to the question of what constitutes a consideration sufficient to support a promissory note. There is no controversy as to the law. The defendant admits the correctness of the proposition as presented.

As stated before, the evidence was in conflict. If plaintiff's testimony was true, there was good consideration for the notes. If that of defendant be true, there was no sufficient consideration. The jury saw fit to give preference to the defendant's evidence. There is abundant evidence tending to support the verdict.

The second proposition is that a promissory note may be executed by the payor individually, or by his duly authorized agent.

This proposition is likewise not contested. As stated before, the real issue was not the execution of the notes, but whether or not they were executed by defendant by himself, or by his father with his consent, without consideration and solely for the benefit of plaintiff and W. W. Corbin as partners.

The next contention is that the court erred in denying a motion to direct a verdict for plaintiff. Plaintiff in support of this contention cites section 11323, O. S. 1931, to the effect that every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value. He also cites Colonial Sugar Co. v. Waldrep, 121 Okla. 31, 246 P. 623, wherein it is held:

"Where the defendant does not offer sufficient evidence in support of his answer to justify a verdict in his favor, there is nothing to submit to the jury and it is the duty of the court to sustain plaintiff's motion for an instructed verdict."

He also cites Whitney v. Low, et al., 137 Okla. 1, 278 P. 1096, substantially to the same effect. These cases correctly state the law, but they are cases wherein there was no evidence reasonably tending to support the claim of the party against whom the verdicts should have been directed.

Such is not the case here. As stated before, the evidence was in conflict on the principal issue. There was substantial evidence to sustain the defendant's claim of no consideration.

The principal question in issue was whether the note upon which the first cause of action was based was one of the alleged accommodation notes signed by defendant. That there were such notes there can be little doubt.

On January 29, 1929, plaintiff gave defendant the following statement in writing:

"Hominy, Oklahoma.

"January 29, 1929.

"Corbin Brothers,
"Stillwater, Oklahoma.

"Gentlemen:

"This is to advise you that on this date, namely the 29th day of January, 1929, to the best of my knowledge there are no outstanding notes or obligations against Corbin Brothers. In connection with certain cattle which Corbin Brothers have been

trading in, in the summer of 1928, all these cattle have been sold by Corbin Brothers to R. M. Donaldson, Alfred A. Drummond or other parties, unless you have personally made and discounted a note, I do not know of one single outstanding note or obligation against either Corbin Brothers or Murray Corbin or Carlton Corbin, the two brothers comprising the copartnership of Corbin Brothers.

"Yours very truly,
"Alfred A. Drummond."

The note in question was dated January 29, 1928, just one year before the date of the above statement. It is the contention of defendant that it is one of the notes mentioned in said statement. Its date on its face indicates that it was such.

The contention of defendant is that it was a note given on January 29, 1929, in settlement of a land transaction in which defendant was interested and represented a balance due plaintiff on the sale of some land in Pontotoc county, and that it was dated back one year so that the interest thereon might represent the rent of the land for one year before January 29, 1929, during which plaintiff contends the defendant or defendant and his father had possession of the land. Defendant testified that he never at any time had any interest in the land whatever. That the title had been placed in his name for the convenience of plaintiff and W. W. Andrews. That he did not know that this had been done until he was called upon to execute a deed when the land was finally sold, and that when that was done plaintiff's brother, F. G. Drummond, was there representing plaintiff and received the money for the land. Defendant testified positively that he signed no notes after June, 1928.

The next contention is that the verdict is contrary to the court's instruction.

The instructions given by the court placed the burden of proof upon the defendant. The jury found, under evidence reasonably tending to support defendant's defense, for defendant. The verdict was not contrary to the court's instructions.

The next contention is that the court erred in overruling plaintiff's motion for judgment on the pleadings and erred in overruling his motion for judgment notwithstanding the verdict.

This contention is without merit. Defendant's answer pleaded a sufficient defense, which, if supported by substantial evidence, would justify a verdict for defendant.

Finally it is contended that there is error in the record on account of alleged misconduct of counsel for defendant in that said attorneys attempted to carry to the jury in their method of asking questions in cross-examination, matters highly prejudicial to plaintiff.

Defendant had testified that on numerous occasions he had, at the request of plaintiff and defendant's father, W. W. Corbin, and for their accommodation, signed notes in blank which had later been filled out in different amounts as payable to plaintiff, and used in the partnership business of plaintiff and W. W. Corbin, to borrow money from different banks. This was denied by plaintiff and defendant sought by cross-examination to prove similar alleged practices of plaintiff in dealing with other persons in like partnership transactions, and in that connection asked the following question:

"Q. I will ask you if you didn't enter into a partnership with a man named George W. Smith, similar to the one you carried on with W. W. Corbin, and in that case you had Smith execute notes in blank, that you used in the same way that you used the notes in this case."

Objection was made to this question and was sustained by the court. The record then shows:

"By Mr. Horton (Mr. Horton, Mr. Hamilton, and the court reporter go to the judge's bench): Comes now the defendant in this case and offers to prove by this witness that he had during the course of the time involved in this case carried on other cattle partnerships in which he was a silent partner and in which he had his partner execute notes in blank to be left with him at his bank—By Mr. Hamilton: Don't talk so loud. The jury will hear you. By the Court: Yes, don't speak so loud. By Mr. Horton:—for the purpose of filling out the amounts and filling out the payee for the purpose of placing the same up as collateral security, and he did in fact place the same as collateral security and filled out some of the same to himself in borrowing money thereon from his bank. We further offer to prove in this case that in the case of George W. Smith, he took two of the notes executed in blank by George W. Smith and filled one for an amount in excess of $40,-000—By Mr. Hamilton: Object to that, he is talking loud enough for that jury to hear him. By Mr. Horton: Well, I am talking as low as I can. By the Court: Well, you are talking too loud, don't talk so loud. By Mr. Horton:—and he filled in the other in an amount in excess of $70,-000, and upon a petition for the appointment of a receiver in the case of the Stockyard

Loan Company, Plaintiff v. Alfred A. Drummond, No. 16086, district court of Osage county, state of Oklahoma, and Alfred A. Drummond, Plaintiff, v. George W. Smith, and others, No. 15981, consolidated, the witness testified that the notes which he had in that suit were in the same condition as they were at the time he received them, and upon the regular trial of the case, admitted in open court that he had perjured himself, and that the notes had been filled in over the signature of George W. Smith. By Mr. Hamilton: We object again, to his talking too loud, and ask that he be admonished not to speak so the jury can hear him. By the Court: Yes, now you have got to quit talking so loud."

Down to that part of the offer concerning the matters which took place in the case of Stockyards Loan Company, etc., there was no objectionable matter. It was competent for defendant to show, if he could, other transactions and conduct by defendant similar to that which he claimed had been done in the instant case. McNair v. Parr (Mich.) 143 N. W. 42; Yakima Valley Bank v. McAlester (Wash.) 79 P. 1119; L. S. Brosius & Co. v. First Nat. Bank of Noble, 65 Okla. 128, 174 P. 269. In the latter case it was held:

"Where a defense to an action against a bank to recover an amount entered by it on a pass book of its customer is interposed, predicated upon the correctness of the records of the bank and manner of doing business by it, it is competent for the plaintiff to show errors made by the defendant in regard to deposits affecting other parties."

The error, if any, down to that point was in favor of plaintiff.

As to that part of the offer where it was said that the notes he had were in the same condition as they were when he received them and at a later hearing "admitted in open court that he had perjured himself and that said notes had been filled over the signature of Geo. W. Smith," was improper, particularly that part of the offer wherein it was said that the witness in the other case "admitted in open court that he had perjured himself." It appears that the statement as made was intended only for the ears of the trial judge and opposing counsel. While it does appear that the court admonished counsel not to talk so loud, it does not affirmatively appear that the jury or any member thereof heard the objectionable statement. Counsel for plaintiff did not ask that the jury be excused while the offer was being made, and counsel for defendant repeatedly stated he was talking as low as possible. There is no

indication that the statement influenced the jury in any way.

The instrument offered in evidence of which defendant complains was the journal entry of judgment in the cases referred to above wherein the court called attention to the conflict in the evidence of Drummond in that case. It was held inadmissible and was not read in the presence or hearing of the jury, and it does not appear that the jury learned in any way of its contents. It was properly rejected, but it does not appear that plaintiff was prejudiced by the mere offer. Evidently counsel for plaintiff did not regard the matter as serious at the time. No request was made that the court admonish the jury not to consider any part of the proceedings they might have heard.

From the record as a whole, it appears that plaintiff had a fair trial. The judgment is affirmed.

OSBORN, C. J., and WELCH, PHELPS, CORN, GIBSON, HURST. and DAVISON, JJ., concur. BAYLESS, V. C. J., absent.