Eno, J.
This is an action of contract by which the plaintiff seeks to recover the sum of $335.70 for work done and materials furnished according to an account annexed. The defendant filed a plea in abatement for the reason that neither the writ nor the summons described the nature of the claim. This plea in abatement was overruled and no report was claimed by the defendant. The defendant also filed a general denial.
At the trial, the plaintiff, without any previous notice to the defendant to produce a bill rendered by him to the defendant, offered in evidence a duplicate original thereof. The defendant objected to its admission in evidence, and the judge suspended trial and ordered the plaintiff to go and obtain his original records or books. The plaintiff returned without any books or records and the trial was re *103 sumed. The plaintiff then testified that the original data in connection with the bill were many small sales slips and other papers from which he had copied on the duplicate bill, then he destroyed the slips and therefore had no books. He further testified that some of the articles listed on the bill he had in his work shop and that the prices thereof were obtained from a trade book and were fair market prices. Subject to the defendant’s objection and claim of report, this duplicate original bill, a copy of which is annexed to the report, was admitted in evidence by the court. The report further states that this original duplicate bill was the only evidence upon which the plaintiff relied to prove damages as he had no memory concerning any of the items on said bill. This bill shows materials furnished to the amount of $106.17, plus 20% or $21.23, making a total of $127.40, labor for several men $249.50, and a few miscellaneous items, maldng a grand total of $384.70, less a credit of $49.00, leaving a balance due of $335.70. The court made a finding for that amount with interest from date of writ.
The only question before this division is whether or not this alleged duplicate original bill was properly admitted by the trial judge.
If this bill was admitted in evidence as a copy of the one in possession of the defendant, it is plain that the foundation for its admission was not made, since no request to produce the original was made of the defendant. Blood v, Harrington, 8 Pickering, 552; Peaks v. Cobb, 192 Mass. 196, 197; Leonard v. Taylor, 315 Mass. 580.
If on the other hand, it was admitted under G. L. (Ter, Ed.) c. 233, § 78, it is also plain that the statutory requirements were not complied with. To become admissible under this section it was necessary for the plaintiff to prove that it “was made in good faith in the regular course of business and before the beginning of” this case, and that “if *104 was the regular course of such business to make such memorandum or record at the time of such act, transaction, ' occurrence or event or within a reasonable time thereafter. ’ ’
These prerequisites of admission must first be found by the trial judge and his decision is final unless clearly wrong. Pratt v. White, 132 Mass. 477; Riley v. Boehm, 167 Mass. 183, 187; Cali v. Caliri, 254 Mass. 488, 490; “if nothing to the contrary appears, the admission of the entries implies a finding of the facts prerequisite to their admission,” Taylor v. Harrington, 243 Mass. 210, 213; Chadwick & Carr Co. v. Smith, 293 Mass. 293, 295; Bodell v. Sawyer, 294 Mass. 534, 542, 543; Bendett v. Bendett, 315 Mass. 59.
In the case at bar, however, the trial judge did not make these preliminary findings. It also appears from the report that the plaintiff destroyed his original records. In such a case there is an inference of fraud, and he must introduce evidence to rebut it before he is permitted to testify to their contents. Joannes v. Bennett, 5 Allen 169; Stone v. Sanborn, 104 Mass. 319, 325.
We are of opinion then that it was prejudicial error to admit this bill in evidence. The finding for the plaintiff is to be vacated and the ease remanded for a new trial.