Peter A. Isaacson, Trustee

*vs.*

Freeman G. Davis et al.

Androscoggin.     Opinion December 15, 1928.

*Harold L. Redding*, for plaintiff.
*Frank A. Morey*,
*Harry Manser*, for Freeman G. Davis.
*Benjamin L. Berman*,
*David V. Berman*,
*Jacob H. Berman*,
*Edward J. Berman*, for Merton W. Robinson.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, PAT-
TANGALL, JJ.

WILSON, C. J.   A bill in equity, brought by a trustee appointed
by the Bankruptcy Court, seeking to have a common law assign-
ment by the bankrupt for the benefit of creditors declared void on
the ground that the assignee at the time of the assignment fraudu-
lently represented to the assignor that he would faithfully admin-
ister the trust under the assignment for the equal benefit of all the
creditors of the assignor; that he had no such intention; on the
contrary that he had a present and existing intent not to admin-
ister said trust for the equal benefit of all the creditors of the as-
signor, but for his own benefit and to obtain a preference for him-
self and the F. G. Davis Company, of which he was treasurer and
manager, over the other creditors of said assignor.

The bill also asks for an accounting and the removal of the as-
signee.

The defendant, Merton W. Robinson, engaged in trade and be-
coming financially embarrassed, arranged for the sale of his stock
and fixtures to one Newman on July 8, 1926.  Before the trade was
consummated, his stock was attached in an action brought by the

Lewiston Trust Company to recover on a note of the defendant the sum of $3700, with interest. On July 15, following a conference with several of his creditors at the store of the F. G. Davis Co., Robinson assigned all his property, real and personal, except such as is exempt under the bankruptcy statute, to the defendant, Davis, the deed of assignment containing the usual provision that the funds derived from a sale of the property should be distributed among such creditors as should within a certain time assent to such assignment and agree to accept their proportionate part in full discharge of their claim.

Upon the assignment being delivered, Davis arranged for the sale to Newman to be completed by paying the claim of the Trust Co., which agreed to accept $3500 in full discharge of its note. Davis took an assignment of the claim with the authority to prosecute the suit; but to enable the sale to go through was, of course, obliged to discharge the attachment, and the suit was abandoned. Davis also purchased the claims of several other creditors at varying discounts and had them assigned to himself.

At the time of the assignment, no inventory of the property or a list of creditors was attached or made a part. Robinson, however, gave Davis a list of his trade creditors, which with one exception appears to have been complete. There was no evidence that any was withheld with fraudulent intent. He was, however, owing several other parties on personal obligations of which he gave no list to Davis, but it does not appear that Davis had any knowledge thereof until this bill in equity was brought.

All the trade creditors, twenty in number, with possible exception of one, appear to have been seasonably notified of the assignment. Fourteen assented within the time fixed for their assent, viz., sixty days; and five more, without assenting, assigned their claims to Davis within the sixty day period, who assented to the assignment as assignee of these claims on November 14, 1926, but nearly four months after the date of the assignment. Three of the trade creditors, aggregating in amount $228.28, refused to assent, and, of course, none of the personal creditors, having claims aggregating nearly $1500, assented thereto, as none of them knew of the assignment, at least, until the bankruptcy proceedings were begun in November, 1926.

On November 27, 1926, Robinson on his own petition was adjudicated a bankrupt. When his petition was filed does not appear, but it is conceded it was not filed within four months after the assignment.

The ground on which it is alleged in the bill that the assignment is voidable is fraud on the part of the assignee at its inception. The Court below found that this allegation was not sustained by the evidence, but held that the assignment was void by reason of the provisions requiring the creditors to assent within sixty days and to release their claims in order to share in the distribution. The defendant Davis appealed.

While the views of the sitting justice always commands the respect of this Court, we think the appeal must be sustained. If it were a new question, the weight of authority might lead us to hold that a clause in an assignment of this nature, requiring the creditors in order to share in the proceeds to assent and release their claims in full would render an assignment voidable, 2 R. C. L., 671, Sec. 29 and cases cited in the footnotes; but while the opinions in the early Maine cases of *Fox* v. *Adams*, 5 Me., 245; *Canal Bank* v. *Cox*, 6 Me., 395; and *Todd* v. *Bucknam*, 11 Me., 41, are not couched in as conclusive language as they might have been, yet we think it clear that a contrary ruling was intended, or assumed as the law, by the Court in each of these cases, and that both Bench and Bar in this state have since understood that such a provision in a common law assignment for the benefit of creditors does not render the assignment voidable.

Whether the legislature by the Act of 1836 intended to provide otherwise may well have been open to question, nevertheless, this Court in *Pearson* v. *Crosby*, 23 Me., 261, construed this act as prohibiting such a provision. The legislature, however, the following year, Chap. 112, P. L. 1844, repealed the act of 1836, and provided that, if the debtor surrendered up any claim he had against the creditor, the creditor should release his claim against the debtor upon receiving his proportionate share of the proceeds. A provision authorizing the insertion of a clause requiring the discharge of claims in full was continued in the following revisions of the statutes, Chap. 70, Sec. 2, R. S. 1857, and Chap. 70, Sec. 2, R. S. 1871, until the enactment of the insolvent law in

1878, which repealed the statute regulating assignments, *Smith* v. *Sullivan*, 71 Me., 150.

Following this repeal, assignments at common law were still recognized as valid, *Pleasant Hill Cemetery* v. *Davis*, 76 Me., 289; but whether a clause providing for the discharge of the debtor was involved in the cases immediately following the enactment of the insolvent law, *Smith* v. *Sullivan*, supra; *Lewis* v. *Latner*, 72 Me., 488, and *Pleasant Hill Cemetery* v. *Davis*, supra, in which it was held that the assignment statute was repealed, does not appear. Presumably such clause was contained therein as the assignment *in* each case was based on Chap. 70, R. S. 1871. In the case of *Pleasant Hill Cemetery* v. *Davis*, supra, the assignment, though founded on the statute, was held valid at common law. In *National Bank* v. *Ware*, 95 Me., 388, 394, the assignment contained such a provision, and the Court assumed, without deciding, that if the plaintiff had become a party to the assignment, it would have been bound to accept the payment in full.

Again, in *Thompson* v. *Shaw*, 104 Me., 85, the assignment was in the usual form of a common law assignment in general use in this state for the benefit of creditors and contained the provision for discharge of the claims of those assenting. While the issue was not raised, the assignment, as will later appear, was held valid.

It is true that since the early decisions and especially since the passage of the Act of 1844, the question has not been expressly raised, for the reason that the statute permitted it, and since its repeal we think the understanding of the Bench and Bar of this state has been that the early decisions cited settled the rule in this state as to common law assignments, and the practice has been based on that assumption. In *Pleasant Hill Cemetery* v. *Davis*, supra, the Court said: "The repeal of the assignment laws, no new statute being enacted, would leave assignments as they were before the passage of the laws."

The sitting justice also based his decision in part at least on the provision requiring an assent by the creditors within sixty days, as being unreasonable and, therefore, grounds for voiding the assignment. He, however, recognizes in his findings that "with present day means of communication, if notice had been publicly given to all creditors, a Court might hesitate to say that a period of

sixty days without consideration of other facts was unreasonable"; and we are of the opinion that the provision of sixty days for an assent, with the present day means of communication is not in itself unreasonable. The period provided in the assignment law of 1836 was only three months. Surely in point of time, sixty days today is comparable in consideration of present day methods of communication with three months almost a century ago.

The deed of assignment in *Thompson* v. *Shaw*, supra, in addition to providing that assenting creditors should receive their proportionate part in full discharge of their claims, also contained the provision that distribution should be made only among such creditors as should signify their assent within *sixty days*. Though these issues were not raised, the Court said of this assignment:

> "Nothing appears in the assignment to indicate fraud. It is in the usual form of a common law assignment for the benefit of creditors. By it all the assignor's property not exempt from attachment and execution, was conveyed to be divided pro rata among all of her creditors who should assent thereto, and reasonable time for such assent was provided for. Such an assignment, if bona fide, is lawful. It is not *contra bonos mores*. Until assailed by some one claiming rights against it under the provisions of the bankruptcy law it stands as a valid transfer of the property described as conveyed therein. *Pleasant Hill Cemetery* v. *Davis*, 76 Maine, 289."

The sitting justice, however, laid stress on the fact that the assignment contains no provision for notice to creditors and none in fact was given. We presume the Court referred to public notice; because while no list of creditors was attached to the assignment, what the assignee assumed was a complete list of creditors was furnished him, and a personal notice by mail was sent by him to each creditor listed, dated on the day following the assignment.

Why the assignee gave no public notice but a personal one by mail does not appear. It may have been that he considered the latter the best form of notice, assuming he had a complete list, and even if he failed to state the time within which assent must be made, or did not take the proper method in giving notice, it would not necessarily affect the validity of the assignment, since assuming a

public notice, should have been given and there was an intent on the part of the assignee by the manner and form of giving notice to mislead creditors, it would not necessarily be fraud committed upon the assignment, or in its inception, but afterward, and, therefore, would not render it voidable. 2 R. C. L., 703, Sec. 55; *Loos* v. *Wilkinson*, 110 N. Y., 195.

An assignment can not be set aside because of fraud before or after. Such facts, it is true, may be evidence of fraud in the assignment that would vitiate it; but do not, if the assignment itself is without fraud, render it voidable.

We are of the opinion, therefore, that the conditions contained in the assignment are under the law of this state neither *contra bonos mores*, or unreasonable. Nor should these conditions or any fault or neglect of the assignee deprive innocent creditors, free of laches, of their rights therein. Nor has the plaintiff based his complaint upon these grounds.

As to the first ground and the one relied on in the bill: that there was a present intent to fraudulently administer the affairs under the assignment, it is now urged by the plaintiff that, notwithstanding the finding of the sitting justice to the contrary on this point, the bill should be sustained on this ground and the appeal dismissed.

While there are grounds on which it might be held that the assignee through ignorance of his duties under the assignment may have had a present intent, or even, with a full understanding of his obligations, a conscious fraudulent intent not to administer his trust in accordance with its terms, his failure to do so, as held by the sitting justice, resulted in no injury to the creditors, and is not a sufficient ground for voiding an assignment, in order that the funds may be distributed in the Bankruptcy Court. His intent at the time of the assignment to benefit himself, if he had such, by purchasing the claims and taking an assignment of them and of the note of the Trust Company must have been predicated on the expectation that the estate would pay the creditors in full or at least sufficient so that his share as assignee of these claims if allowed at their face would amount to more than he paid for them. Under the circumstances, if he can now share with the other unsecured creditors, his acts will only result to his own disadvantage,

and work no injury to the other creditors who have assented, or being free of any laches are permitted to assent.

Without fraud being clearly shown that entered into the assignment, equity requires, we think, the upholding of the assignment for the benefit of those creditors who have not proven their claims in the Bankruptcy Court, as it may become a question, if the assignment is held void, whether the assenting creditors can now prove their claims in that Court. Sec. 57n of the Bankruptcy Law; Collier on Bank, 11th Ed., pp. 823, 824.

It may, it is true, also be a question under the assignment whether the assignee of the several claims who did not assent within the sixty days can now share in the property under the assignment, but that question is not involved in this case and we express no opinion thereon.

The assignment having been made more than four months before the filing of the petition in bankruptcy and being valid, and it appearing from the only evidence in the record that the property in the hands of the assignee is insufficient to pay the creditors in full who have already assented to the assignment, the trustee in bankruptcy has no interest in the property conveyed to the assignee or its distribution, and the bill must be dismissed. The creditors still have their remedy in equity.

*Appeal sustained.*
*Bill dismissed.*